# DREYER BOYAJIAN LLP
ATTORNEYS AND COUNSELLORS AT LAW
75 COLUMBIA STREET
ALBANY, NY 12210
TELEPHONE: (518) 463-7784
FACSIMILE: (518) 463-4039
http://www.dreyerboyajian.com

WILLIAM J. DREYER
DONALD W. BOYAJIAN
BRIAN W. DEVANE
JOHN B. CASEY
CRAIG M. CRIST
JAMES R. PELUSO
SHANNON O'LOUGHLIN
APRIL M. WILSON

CHRISTOPHER A. AMATO
CHRISTOPHER M. SCARINGE
(of counsel)

January 10, 2007

Hon. Gary L. Sharpe
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:  *In re General Electric Company ERISA Litigation*,
No. 06-CV-315 (GLS/DRH) (Lead Case)

Dear Judge Sharpe:

I am writing on behalf of the Defendants in the above action,[1] to seek leave to file memoranda of law in excess of the ordinary page limit of 25 pages. The memoranda are to be filed in support of two motions to dismiss that Defendants expect to file on January 16, 2007[2] and in support of a motion for summary judgment to be filed soon thereafter.

The first motion will seek dismissal of the entire consolidated amended complaint pursuant to Rule 12(b)(6). This motion will challenge as matter of law the theories that Plaintiffs have relied upon in their 87-page complaint in asserting five counts under the Employee Retirement Income Security Act of 1974 ("ERISA"). The memorandum of law will discuss Plaintiffs' prudence claim, their claims alleging misrepresentation and insufficient disclosures, and their conflict of interest, monitoring, and co-fiduciary claims. Defendants seek leave to file a

---

[1] Together with Williams & Connolly LLP and Covington & Burling LLP, this firm represents all but a handful of the 76 defendants named in the Consolidated Complaint. Several of the defendants that we do not represent are not proper defendants in any event, either because of death or because they did not work at General Electric during the relevant time period.

[2] January 16 is the first business day after January 15, which is the Birthday of Martin Luther King, Jr. Since the deadline for the Defendants to move or answer with respect to the consolidated amended complaint falls on January 15, Defendants will file their motions to dismiss on January 16.

memorandum of law of 53 pages. A brief of this size is necessary in light of the number of claims and the complexity of the legal issues presented.

The second motion will seek dismissal of several groups of defendants, also pursuant to Rule 12(b)(6), on the ground that they either were not ERISA fiduciaries at all or were not ERISA fiduciaries with respect to the matters at issue in this case. Whereas the original complaints named 21 defendants, the consolidated amended complaint filed in October names some 76 defendants. The second motion will contend that many, indeed most, of the defendants do not belong in this case because they neither exercised nor possessed discretionary authority or control with respect to the GE stock investment option, which is the subject of Plaintiffs' claims. The memorandum of law will separately analyze, as to each of Plaintiffs' claims, whether Plaintiffs' allegations are sufficient to establish the fiduciary status of various groups of defendants (*e.g.*, officers of General Electric ("GE"), directors of GE, and officers of GE's subsidiary General Electric Asset Management, Inc.). In addition to discussing the case law, in several instances the memorandum of law will discuss pertinent provisions of Plan documents relied upon in the complaint. Defendants seek leave to file a memorandum of law of 61 pages. A brief of this size is necessary in light of the number of claims and the number of groups of defendants.

The third motion will seek summary judgment on the grounds, *inter alia*, that the Plan at issue was a net seller of General Electric Co. ("GE") stock during the pertinent time period and thus was not harmed by the alleged inflation in the value of GE stock, and that the alleged misrepresentations or omissions regarding the financial condition of GE's insurance subsidiaries were immaterial to the investing public. Defendants seek leave to file a memorandum of law of 31 pages. The six additional pages are necessary because the memorandum of law must address both the applicable law and the facts that support the motion.

For the foregoing reasons, Defendants respectfully request leave to file memoranda of law of 53 pages, 61 pages, and 31 pages. Having been informed of the requested page enlargements, counsel for Plaintiffs have stated that they do not object in principle to the request, but cannot offer a blanket consent without having seen the motion papers or Defendants' letter to the Court. Plaintiffs have also asked for an understanding, to which Defendants are amenable, that Defendants would consent to a similar enlargement of the page limits should Plaintiffs so request as to their oppositions. Defendants would indeed consent to such an enlargement if requested by Plaintiffs.

DREYER BOYAJIAN LLP

By: _____

William J. Dreyer

cc: Jeffrey J. Sherrin, Esq.
    Lori G. Feldman, Esq.
    Evan Kaufman Esq.
    John J. Buckley, Jr.
    Jeffrey G. Huvelle