**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE GENERAL ELECTRIC COMPANY      No. 06-CV-315
ERISA LITIGATION                            (GLS/DRH)
                                              (Lead Case)

_____

### MEMORANDUM OF LAW IN SUPPORT OF THIRD MOTION OF CERTAIN INDIVIDUAL DEFENDANTS AND GE ASSET MANAGEMENT INCORPORATED TO DISMISS FOR FAILURE TO STATE A CLAIM

William J. Dreyer (Bar Roll #101539)
April M. Wilson (Bar Roll #105797)
DREYER BOYAJIAN LLP
75 Columbia Street
Albany, NY 12210
(518) 463-7784

John J. Buckley, Jr.
Dane H. Butswinkas
Jonathan M. Landy
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

Jeffrey G. Huvelle
John M. Vine
Thomas L. Cubbage III
Christian J. Pistilli
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 662-6000

Dated:  January 16, 2007                         *Attorneys for Moving Defendants*

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................... 3

SUMMARY OF ARGUMENT ............................................................................. 6

ARGUMENT ........................................................................................................ 8

I.  Standards Governing the Determination of Whether a Person Is a Fiduciary Under ERISA. .................................................................................................. 8

II.  Both Claims Against the GEAM Defendants Must Be Dismissed. ................................. 12

    A.  The Investment Management Agreement that Plaintiffs Themselves Rely upon in the Complaint Establishes that GEAM Is Not a Fiduciary as to the GE Stock Investment Option. ......................................................... 14

    B.  Plaintiffs Have Failed To Adequately Allege that GEAM's Officers and Directors Performed Any Fiduciary Function with Respect to GE Stock. ........... 17

    C.  Plaintiffs Have Failed To Allege that the GEAM Defendants Were Responsible for Communicating with Plan Participants Regarding GE Stock. ....................................................................................................... 19

III.  Both Claims Against the Fund Trustee Defendants Must Be Dismissed. ........................ 20

    A.  Plaintiffs Do Not Allege that the Fund Trustee Defendants Are Fiduciaries with Regard to the Plan's GE Stock Investment Option. ................... 21

    B.  Plaintiffs Do Not Adequately Allege that the Fund Trustee Defendants Were Responsible for Communicating with Plan Participants Regarding the GE Stock Investment Option. ......................................................... 24

IV.  All Claims Against the Officer Defendants Must Be Dismissed. ..................................... 25

    A.  Plaintiffs Have Failed To Adequately Allege that the Officer Defendants Were ERISA Fiduciaries for any Purpose. ........................................... 26

    B.  Plaintiffs Have Failed To Allege that the Officer Defendants Performed a Fiduciary Function with Respect to the GE Stock Investment Option or Were Responsible for Communicating with Plan Participants Regarding that Investment Option. ......................................................... 29

V.  All Claims Against the Director Defendants Must Be Dismissed. ................................... 31

i

A.     Plaintiffs Have Failed To Allege that the Director Defendants Performed Any Fiduciary Function Relating to the GE Stock Investment Option. ............... 31

B.     Plaintiffs Have Failed To Allege that the Director Defendants Performed a Fiduciary Function with Respect to the GE Stock Investment Option or Were Responsible for Communicating with Plan Participants Regarding that Investment Option. ......................................................................................... 35

C.     Plaintiffs Have Failed To Adequately Allege that the Director Defendants' Limited Fiduciary Function of Appointing and Removing Fiduciaries Extended to the Conduct Complained of. ........................................... 36

VI.     Count IV Must Be Dismissed as to the Moving Defendants Because the Complaint Fails To State a Valid Claim for Co-Fiduciary Liability. .............................. 40

A.     Plaintiffs Do Not Adequately Allege that the Officer Defendants or the Individual GEAM Defendants Were ERISA Fiduciaries at All. .......................... 40

B.     Plaintiffs Do Not Adequately Allege Actual Knowledge of a Breach by Another Fiduciary. ............................................................................................... 41

C.     Plaintiffs Do Not Adequately Allege that the Defendants Enabled Fiduciary Breaches by Other Defendants. ........................................................... 42

VII.     Count V Must Be Dismissed Because a Corporate Officer or Director's Receipt of Equity-Based Compensation Does Not Create a Prohibited Conflict of Interest. ......... 44

CONCLUSION .......................................................................................................... 48

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Akers v. Palmer*, 71 F.3d 226 (6th Cir. 1995) ..................................................................20, 25, 29

*Anoka Orthopaedic Assocs., P.A. v. Lechner*, 910 F.2d 514 (8th Cir. 1990) ...............................30

*Banister v. Ullman*, 287 F.3d 394 (10th Cir. 2002) .....................................................................10

*Beddall v. State Str. Bank & Trust Co.*, 137 F.3d 12 (1st Cir. 1998)..........................................2, 9

*Blue Cross v. SmithKline Beecham Clinical Labs., Inc.*, 62 F. Supp. 2d 544 (D. Conn. 1998) ....11

*Calpine Corp. ERISA Litig.,* No. C-03-1685, 2005 WL 1431506 (N.D. Cal. Mar. 31, 2005) 11, 39

*Carpenters Health & Welfare Trust Fund v. Tri Capital Corp.*, 25 F.3d 849 (9th Cir. 1994) 10, 29

*Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54 (4th Cir. 1992) ...............................................10

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ............................................6

*Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222 (W.D.N.Y. 2002) ........................................ passim

*Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996) .........................................................................12

*Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004)..............................37, 38, 39, 46

*In re Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003) ................................................18, 26, 33

*F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250 (2d Cir. 1987) .............................9

*Gerosa v. Savasta & Co.*, 329 F.3d 317 (2d Cir. 2003).............................................................8, 48

*Haber v. Brown*, 774 F. Supp. 877 (S.D.N.Y. 1991).....................................................................12

*Hanlon v. Melillo*, No. 403CV237Y, 2004 WL 2049337 (N.D. Tex. Sept. 7, 2004)...................12

*Harris Trust & Sav. Bank v. John Hancock Mutual Life Ins. Co.*, 302 F.3d 18 (2d Cir. 2002) 9, 10

*Henry v. Champlain Enters., Inc.*, 288 F. Supp. 2d 202 (N.D.N.Y. 2003)........................18, 26, 32

*Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155 (3d Cir. 1990) ...............................................10

*Hull v. Policy Mgmt. Sys. Corp.,* No. Civ.A. 3:00-778-17, 2001 WL 1836286 (D.S.C. Feb. 9, 2001) ..........................................................................................................11, 16, 21, 22

iii

*Indep. Ass'n of Publishers' Employees, Inc. v. Dow Jones & Co., Inc.*, 671 F. Supp. 1365 (S.D.N.Y. 1987) ...................................................................................................36

*Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69 (2d Cir. 1995) ...........................................6

*JDS Uniphase Corp. ERISA Litig.*, No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005) ...................................................................................................12, 27, 33

*Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184 (7th Cir. 1994) ....................................9, 10, 15

*Lee v. Burkhart*, 991 F.2d 1004 (2d Cir. 1993)...................................................................41, 42

*Lockheed v. Spink*, 517 U.S. 882 (1996) ...........................................................................10

*Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)............................................45

*Merck & Co., Sec. Derivative & ERISA Litig.*, No. 05-2369, 2006 WL 2050577 (D.N.J. July 11, 2006) ...................................................................................................20, 25

*Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) ..............................................9, 19, 47

*NLRB v. Amax Coal Co.*, 453 U.S. 322 (1981)...................................................................45

*Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864 (7th Cir. 2001)...................................................22

*Newton v. Van Otterloo*, 756 F. Supp. 1121 (N.D. Ind. 1991) ......................................37

*Pedraza v. Coca-Cola Co.*, 456 F. Supp. 2d 1262 (N.D. Ga. 2006)................................37, 38, 46

*Pegram v. Herdrich*, 530 U.S. 211 (2000)............................................................. passim

*Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005) ......................................46

*Reliant Energy ERISA Litigation*, 336 F. Supp. 2d 646 (S.D. Tex. 2004)....................39

*Romero v. Allstate Corp.*, 404 F.3d 212 (3d Cir. 2005)...................................................10

*Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324, 2004 WL 407007 (N.D. Ill. Mar. 3, 2004) ...................................................................................................44

*Sprint Corp. ERISA Litig. (Sprint II)*, No. 03-2202, 2004 WL 2182186 (D. Kan. Sept. 24, 2004) ...................................................................................................43

*Stein v. Smith*, 270 F. Supp. 2d 157 (D. Mass. 2003) ...................................................10, 30

*Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004) ....................................................30, 46

*Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328 (N.D. Okla. 2003) ................................ passim

*WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003)........................18, 26, 32, 47

## STATUTES AND REGULATIONS

15 U.S.C. § 80a-12...............................................................................................................23

29 U.S.C. § 1002.......................................................................................................... passim

29 U.S.C. § 1022..................................................................................................................4

29 U.S.C. § 1102................................................................................................................28

29 U.S.C. § 1104.................................................................................................42, 44, 45

29 U.S.C. § 1105.................................................................................................41, 42, 43

29 U.S.C. § 1106.........................................................................................................45, 47

29 U.S.C. § 1107................................................................................................................45

29 U.S.C. § 1108.........................................................................................................45, 46

29 U.S.C. § 1109..................................................................................................................8

17 C.F.R. 270.12d3-1.........................................................................................................23

29 C.F.R. § 2509.75-8..............................................................................................18, 26, 32

## INTRODUCTION

The GEAM Defendants, the Fund Trustee Defendants, the Officer Defendants, and the Director Defendants (hereafter collectively "the Moving Defendants") submit this Memorandum in support of their motion, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the claims against them for failure to state a claim upon which relief can be granted.[1]

In their scattershot and overblown Complaint, Plaintiffs have sued the corporate entities General Electric Company ("GE") and GE Asset Management Incorporated ("GEAM") and 74 individual defendants based on allegations that they are all fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and that they all breached their fiduciary duties by, *inter alia*, allowing GE common stock (hereafter "GE stock") to be offered as an investment option in the GE Savings and Security Program (hereafter "the Plan" or "S&SP").[2]

---

[1] The Fund Trustee Defendants are Alan M. Lewis, William J. Lucas, Robert. A. MacDougall, Edward H. Malone, John H. Myers, Ronald R. Pressman, and John J. Walker.

The GEAM Defendants are GE Asset Management Incorporated, Christopher D. Brown, David B. Carlson, Alfredo Chang, Paul Colonna, Michael J. Cosgrove, M.J. Gorman, Eric H. Gould, William H. Healey, Robert Herlihy, Brian Hopkinson, Jeanne M. LaPorta, Ralph R. Layman, Alan M. Lewis, Robert A. MacDougall, John H. Myers, Jonathan L. Passmore, Ronald R. Pressman, Judith A. Studer, Donald W. Torey, John J. Walker, and Diane M. Wehner.

The Officer Defendants are Philip Ameen, Lawrence Caruso, Jeffrey Immelt, Ralph Layman, Keith Sherin, John Welch, and Robert Wright.

The Director Defendants are James Cash, Jr., William Castell, Dennis Dammerman, Paolo Fresco, Ann Fudge, Claudio Gonzalez, Jeffrey Immelt, Andrea Jung, Alan Lafley, Robert Lane, Kenneth Langone, Ralph Larsen, Rochelle Lazarus, Scott McNealy, Gertrude Michelson, Sam Nunn, Roger Penske, Frank Rhodes, Gary Rogers, Andrew Sigler, Robert Swieringa, Douglas Warner, John Welch, and Robert Wright.

Some of the defendants fall into more than one group.  *See* note 10, *infra*.

[2] This Memorandum assumes familiarity with the factual background set forth in Defendants' Memorandum of Law in Support of Their First Motion To Dismiss the Entire Complaint for

Plaintiffs have egregiously overreached.  They have named as Defendants several persons who are deceased.  Some Defendants have not been affiliated with GE for more than 20 years.  Others never held the positions attributed to them in the Complaint.  Many were not ERISA fiduciaries at all, as shown by the very documents relied upon in the Complaint.  Indeed, a significant number of the Defendants are alleged to be ERISA fiduciaries simply by virtue of their positions or titles, rather than (as ERISA requires) because they actually had or performed a fiduciary function related to the challenged conduct.  And still other Defendants, although they were ERISA fiduciaries for some purposes, had limited responsibilities that were completely unrelated to the challenged conduct—a fact again shown by the very documents upon which the Complaint relies.

The "threshold question" in every ERISA action charging breach of fiduciary duty is whether the defendant was a fiduciary and whether he "was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."  *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).  "[F]iduciary status is not an all or nothing proposition; the statutory language indicates that a person is a plan fiduciary only 'to the extent' that he possesses or exercises the requisite discretion or control."  *Beddall v. State Str. Bank & Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998) (*quoting* 29 U.S.C. § 1002(21)(A)).  In this case, many of the defendants were not ERISA fiduciaries at all, while others had no authority or responsibility with regard to the Plan's investment in GE stock or communications with Plan participants and therefore "were not "acting as [] fiduciar[ies] . . . when taking the action subject to complaint."  *Pegram*, 530 U.S. at 226.

---

Continued ...
Failure to State a Claim (hereinafter "Defendants' Memorandum in Support of First Motion To Dismiss").

This Motion seeks dismissal of the Complaint as to those defendants included in Plaintiffs' patently inflated list who either were not ERISA fiduciaries in any respect or had only limited fiduciary functions that are unrelated to the conduct challenged in the Complaint.[3]  Such defendants simply have no place in this lawsuit and should be dismissed.

Granting the present motion will not affect Plaintiffs' claims against the remaining defendants, namely, GE, the Benefits Plan Investment Committee Defendants, the Plan Trustee Defendants, and the Pension Board Defendants.[4]  That array of defendants is more than sufficient for the adjudication of each of Plaintiffs' five claims.[5]  There is no reason, and no legal basis, to proceed with the many additional defendants who were not ERISA fiduciaries at all or were ERISA fiduciaries only with respect to matters that are not at issue in this case.

## BACKGROUND

GE maintains the Plan to provide eligible employees with the opportunity to save a portion of their pay for retirement on a pre-tax or after-tax basis.  GE Savings and Security

---

[3] Counsel for Defendants have brought to the attention of Plaintiffs' counsel the names of the Defendants who are deceased, who were not affiliated with GE or GEAM during the Class Period, or who did not hold the positions attributed to them.

[4] Plaintiffs allege that Defendants William H. Cary, Dennis D. Dammerman, Mark Delaney, Shane Fitzsimons, Daniel Janki, Kathryn D. Karlic, Mark Krakowiak, Susan P. Peters, Marc J. Saperstein, and Keith S. Sherin were members of the Benefits Plan Investment Committee.

Plaintiffs allege that Defendants Eugene K. Bolton, David B. Carlson, Michael J. Cosgrove, Kathryn D. Karlic, Ralph R. Layman, Robert A. MacDougall, John H. Myers, Ronald R. Pressman, Judith A. Studer, Donald W. Torey, and John J. Walker were Plan Trustees.

Plaintiffs allege that Defendants Philip D. Ameen, Barbara A. Beckmann, Lawrence S. Caruso, William J. Conaty, Tom Conway, Leslie G. Cook, Wiley L. Harris, Lawrence R. Johnston, John Krenicki, Jr., Kenneth G. Langone, T.F. Leonard, Lee Meyer, Allan O. Rowe, John M. Samuels, and J. Wald were members of the Pension Board.

[5] A majority of the Pension Board Defendants were in fact not members of the Pension Board. That subgroup of defendants will be entitled to summary judgment at an early stage.

Program ("S&SP Plan Document") (Ex. A) § III.A; GE Benefits Handbook ("Handbook") (Ex. B) § 10.4.[6]  Participation is voluntary and GE matches 50% of each participant's contributions, up to a specified limit.  S&SP Plan Document §§ I, IV.A.2 (Ex. A); Handbook § 10.4.2 (Ex. B).  The Plan offers an array of investment options, including no fewer than seven investment options during the Class Period.[7]  *See* Compl. ¶ 127; S&SP Plan Document §§ I, VI (Ex. A).  The Plan allows each participant to elect how both the participant's own contributions and the employer's matching contributions are allocated among the Plan's investment options.  *Id*. § III.C & D.  GE stock, one of those options, is the only investment option implicated by the Complaint.  Participants are not required to invest in GE stock.  *Id.* §§ III.C & D, VII.E (Ex. A); Compl. ¶ 1.

The Complaint groups the 74 individual defendants by the positions they allegedly held at GE or GEAM.  For example, it uses the term "GE Management Defendants" to refer to those Defendants who are alleged to be "high-level corporate officers and employees" of GE.  Compl. ¶ 115.  For convenience, with two exceptions this Memorandum uses the same grouping of defendants as the Complaint and refers to the groups using essentially the same terms.[8]  For the sake of clarity, this Memorandum uses the term "Officer Defendants" to refer to the persons

---

[6] The GE Benefits Handbook is, in relevant part, the summary plan description for the S&SP, which is required by ERISA and is referred to in the Complaint.  *See* 29 U.S.C. § 1022; Compl. ¶¶ 19, 120.

[7] The Plan currently offers participants ten investment choices including: Vanguard Institutional Index Fund, GE S&S Program Mutual Fund, GE Institutional International Equity Fund, GE Institutional Small-Cap Value Equity Fund, GE Institutional Strategic Investment Fund, GE Common Stock, GE S&S Income Fund, GE S&S Short-Term Interest Fund, GE S&S Money Market Fund, and U.S. Savings Bonds.

[8] Although for ease of reference most of the Complaint's terminology is used herein, this is not meant to imply that Defendants agree with the classifications or the alleged composition of each grouping.  To the contrary, there are numerous errors in Plaintiffs' grouping, naming, and allegations of group membership.  For example, Defendants Caruso and Layman were not officers of GE, and Defendant Lucas was not a trustee of either the Income Fund or the Mutual Fund.  For the purpose of this motion, however, those errors can be put to one side.

designated as "GE Management Defendants" in the Complaint, and uses the term "Director Defendants" to refer to the persons designated as "GE Board Defendants" in the Complaint.[9]

The Officer Defendants are alleged to have been officers of GE at some point since March 23, 2001.  Compl. ¶ 115.

The Director Defendants are alleged to have been members of GE's Board of Directors at some point during the Class Period.  *Id.* ¶ 99.

The GEAM Defendants are the corporate entity GEAM and 21 persons alleged to have been officers or directors of GEAM during the Class Period.  *Id.* ¶¶ 112-13.

The Fund Trustee Defendants are alleged to have been trustees of the General Electric S&S Income Fund ("Income Fund") or the General Electric S&S Program Mutual Fund ("Mutual Fund") during the Class Period.  *Id.* ¶¶ 109-10.  The Income Fund invests in interest producing vehicles, and the Mutual Fund invests in a wide range of investment vehicles.  Neither invests in, or is permitted to invest in, GE common stock.

Count II (alleging nondisclosure) and Count IV (alleging co-fiduciary liability) are brought against all of the Moving Defendants.  Of the Moving Defendants, only the Officer Defendants and the Director Defendants are named in Count I (alleging failure to prudently manage the Plan's assets), Count III (alleging failure in appointing and monitoring Plan fiduciaries), and Count V (alleging conflict of interest).  A chart that shows the group or groups to which each defendant allegedly belongs and which groups have been sued in which of the five Counts accompanies this Memorandum.  *See* Ex. C.[10]

---

[9] This Memorandum also departs from the terminology of the Complaint in that the Memorandum does not use the term "GE Defendants," which the Complaint defines as "GE and the GE Management Defendants."  Compl. ¶ 115.

[10] Some of the defendants are alleged to fall into multiple groups.  For instance, three of the GE Officer Defendants (Mr. Immelt, Mr. Welch, and Mr. Wright) are alleged to be fiduciaries for the

## SUMMARY OF ARGUMENT

All claims against the Moving Defendants should be dismissed.

*The GEAM Defendants*.  Plaintiffs' principal allegation against the GEAM Defendants[11] is their nondisclosure claim in Count II.  Compl. ¶¶ 259, 270.  Count II fails to state a claim against the GEAM Defendants because: (1) GEAM, the corporate entity, was not an ERISA fiduciary with respect to the conduct challenged in the Complaint; and (2) the individual GEAM Defendants were not ERISA fiduciaries at all—facts that are conclusively established by the Plan documents upon which Plaintiffs themselves rely.[12]

*The Fund Trustee Defendants*.  Plaintiffs' principal claim against the Fund Trustee Defendants is their nondisclosure claim in Count II.[13]  Count II fails to state a claim against the

---

Continued ...

additional reason that they were members of the GE Board of Directors.  *See* Compl. ¶¶ 50, 94, 95.  There are numerous other examples.

[11] The GEAM Defendants include the corporate entity GEAM and 21 individual defendants each of whom is sued in his or her capacity as an officer or director of GEAM.  Defendant Torey is alleged to have been a director of GEAM; all other individual GEAM Defendants are alleged to have been officers of GEAM.  Defendants deny that Defendant Gorman is a present or former officer of GEAM.  For purposes of this motion, however, that issue need not be resolved.

[12] Because the S&SP Plan documents are expressly and extensively relied upon in the Complaint, *see, e.g.,* Compl. ¶¶ 19, 21, 21(b), 21(c), 21(d), 21(e), 120-22, 127-28, they may be considered in connection with the present motion.  It is settled that, on a motion to dismiss, a court may consider documents relied upon in the complaint without converting the motion into a motion for summary judgment, particularly where, as here, the documents are integral to the complaint.  *See Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("Although the amended complaint in this case does not incorporate the Agreement, it relies heavily upon its terms and effect; therefore, the Agreement is integral to the complaint, and we consider its terms in deciding whether [the plaintiff] can prove any set of facts that would entitle it to relief." (internal quotations omitted)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (holding that documents not attached to the complaint or incorporated in it could be considered on motion to dismiss because plaintiffs had possession of the documents or had knowledge of them and relied upon them in bringing suit).

[13] These Defendants are sued in their capacity as Trustees of the GE S&S Income Fund ("Income Fund") and the GE S&S Program Mutual Fund ("Mutual Fund").  Defendants deny that Defendant Lucas is or was a trustee of either the Income Fund or the Mutual Fund, but that issue does not have to be resolved for purposes of this motion.

Fund Trustee Defendants because those defendants are not fiduciaries with respect to the conduct at issue in this action, as conclusively established by the Plan documents.

*The Officer Defendants.*  The Officer Defendants are named in all counts of the Complaint.  But the Officer Defendants were not Plan fiduciaries at all.  Plaintiffs' claim that the Officer Defendants were fiduciaries because of their positions with GE is invalid as a matter of law.  Plaintiffs' claim that the Officer Defendants were appointed as fiduciaries is refuted by the absence of any such provision in the Plan documents.

*The Director Defendants*.  The Director Defendants are named in all counts of the Complaint.  The Director Defendants were not, however,  ERISA fiduciaries with regard to the conduct concerning GE stock that is challenged in the Complaint.  The Plan documents relied upon in the Complaint establish that, except for the limited power to appoint and remove certain Plan fiduciaries, all other fiduciary responsibility for the administration of the Plan and management of the Plan's assets was assigned to other persons and entities.  Accordingly, the Director Defendants did not have or exercise fiduciary functions with respect to GE stock.  Moreover, the Complaint's conclusory allegations fail to state a claim with regard to the Director Defendants' limited appointment and removal power.  The Complaint does not allege that any fiduciary appointed by the Director Defendants was unqualified or that they had knowledge of any possible misadventure by their appointees.

The foregoing defects require dismissal of Counts I, II, and III as to the Moving Defendants.  Count IV (alleging co-fiduciary liability) fails as to the Officer Defendants and the GEAM Individual Defendants because they are not fiduciaries for any purpose and, as to all Moving Defendants, because the Complaint fails to adequately allege facts establishing: (1) that they had actual knowledge of breaches by other fiduciaries and (2) that they enabled such

breaches by other fiduciaries, as required by ERISA.  *See* Part VI, *infra*.  Moreover, Count IV

fails as against all Moving Defendants because co-fiduciary liability is derivative and cannot

exist in the absence of a primary breach, which the Complaint fails to establish for the reasons

set forth in Defendants' Memorandum in Support of First Motion To Dismiss.

Finally, Count V, which seeks to hold the Officer Defendants and Director Defendants

liable for alleged conflict of interest because of their receipt of equity-based compensation, fails

not only because the Officer Defendants are not fiduciaries for any purpose, but also because

courts have repeatedly and correctly held that this nearly universal practice of stock ownership is

permissible under ERISA.

## ARGUMENT

## I.   Standards Governing the Determination of Whether a Person Is a Fiduciary Under ERISA.

Only a "person who is a fiduciary with respect to a plan" may be liable for a breach of

fiduciary duty under the ERISA statute.  ERISA § 409, 29 U.S.C. § 1109.  The Supreme Court

has made clear that the "threshold question" in every ERISA action charging breach of fiduciary

duty is whether the defendant was a fiduciary and, if so, whether he "was acting as a fiduciary

(that is, was performing a fiduciary function) *when taking the action subject to complaint*."

*Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) (emphasis added).  If the particular defendant was

not a fiduciary or was not performing a fiduciary function when taking the action subject to

complaint, that defendant cannot be held liable for violating ERISA's fiduciary duties.  *See*

*Gerosa v. Savasta & Co.,* 329 F.3d 317, 322 (2d Cir. 2003) (ERISA does not impose liability on

non-fiduciaries).

ERISA establishes a functional test to determine whether a person is a fiduciary.  The

statute provides in pertinent part:

8

> [A] person is a fiduciary with respect to a plan *to the extent* (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) (emphasis added).[14]  Subsection (i), which focuses on the exercise of authority or control, is the so-called *de facto* fiduciary provision.  To establish that a defendant was an ERISA fiduciary, Plaintiffs have the burden of sufficiently alleging (1) that the defendant in question *exercised* authority or control with respect to the management of the Plan or exercised authority or control with respect to the management or disposition of its assets (and was thus a fiduciary under subsection (i)); or (2) that the defendant *had* discretionary authority or discretionary responsibility in the administration of the Plan (and was thus a fiduciary under subsection (iii)).  *See* § 3(21)(A); *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 251 (1993).

In applying section 3(21)(A) of ERISA, courts have established that "a person may be an ERISA fiduciary with respect to certain matters but not others."  *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1259 (2d Cir. 1987).  *Accord*, *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 28 (2d Cir. 2002).  ERISA "does not make a person who is a fiduciary for one purpose a fiduciary for every purpose."  *Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1188 (7th Cir. 1994).  "[F]iduciary status is not an all or nothing proposition. . . ."  *Beddall v. State Str. Bank & Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998).

---

[14] Plaintiffs have not invoked subsection (ii) of section 3(21)(A) of ERISA, which treats as a fiduciary a person who "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so."

Rather, as the Supreme Court has concluded, a person is an ERISA fiduciary only if he was "performing a fiduciary function . . . when taking the action subject to complaint." *Pegram*, 530 U.S. at 225-26.  And a person is "a fiduciary 'only to the extent' that he acts in such a capacity in relation to a plan." *Id.*  "Fiduciary duties under ERISA attach not just to particular persons, but to particular persons performing particular functions." *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1158 (3d Cir. 1990).[15]  "Because a fiduciary may wear 'two hats,' the statute does not describe fiduciaries simply as administrators of the plan, or managers, or advisers.  Instead, it defines an administrator as a fiduciary only to the extent that he or she acts in such a capacity in relation to a plan." *Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328, 1341 (N.D. Okla. 2003).  *See, e.g., Lockheed v. Spink,* 517 U.S. 882, 891 (1996); *Harris Trust & Sav. Bank*, 302 F.3d at 28; *Banister v. Ullman*, 287 F.3d 394, 401 (10th Cir. 2002); *Johnson*, 19 F.3d at 1188; *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992).

Thus, to state a valid claim under ERISA, a plaintiff must make allegations that, if proven, would establish that in connection with the actions challenged in the Complaint, the defendant breached a duty to the plan that related to that defendant's discretionary authority or discretionary control.  *See Carpenters Health & Welfare Trust Fund v. Tri Capital Corp.*, 25 F.3d 849, 856 (9th Cir. 1994) (affirming dismissal where complaint failed to allege facts demonstrating that defendant had taken any discretionary action or exercised control over the subject matter of the complaint), *overruled on other grounds by So. Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co*., 247 F.3d 920 (9th Cir. 2001); *Stein v. Smith*, 270 F. Supp. 2d 157, 166 (D. Mass. 2003).

---

[15] *Accord*, *Romero v. Allstate Corp.*, 404 F.3d 212, 226 (3d Cir. 2005) ("[I]n order to make out a breach of fiduciary duty claim . . . , a plaintiff must establish . . . the defendant's status as an ERISA fiduciary *acting as a fiduciary*." (internal citation omitted) (emphasis added)).

Where the Plan documents demonstrate that a defendant was not a fiduciary with regard to the conduct challenged in the complaint, breach of fiduciary duty claims against that defendant must be dismissed. *Williams Cos.*, 271 F. Supp. 2d at 1339 (dismissing breach of fiduciary duty claims against certain fiduciaries where Plan documents demonstrated that they lacked a fiduciary responsibility for the conduct targeted by the complaint); *Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222, 228-30 (W.D.N.Y. 2002) (same); *Hull v. Policy Mgmt. Sys.*, No. Civ.A. 3:00-778-17, 2001 WL 1836286, at *8 (D.S.C. Feb. 9, 2001) (dismissing breach of fiduciary claims because, "while the Plan documents demonstrate that the corporate defendants owed certain limited fiduciary duties to the Plan, and while plaintiff includes numerous allegations of wrongdoing by the corporate defendants, there is no connection between the two").

Likewise, a complaint resting on conclusory allegations of fiduciary status cannot survive a motion to dismiss. "[W]ith respect to alleging 'fiduciary' status within the meaning of ERISA, *Conley* [*v. Gibson*, 355 U.S. 41 (1957)] does not permit conclusory statements to substitute for minimally sufficient factual allegations." *Blue Cross v. SmithKline Beecham Clinical Labs., Inc.*, 62 F. Supp. 2d 544, 554 (D. Conn. 1998) (internal quotation omitted). Accordingly, courts have often dismissed complaints that included allegations of fiduciary status couched in the language of ERISA but that lacked supporting factual allegations. For example, in *Calpine Corp. ERISA Litigation*, No. C-03-1685, 2005 WL 1431506 (N.D. Cal. Mar. 31, 2005), the plaintiffs parroted the statutory language by alleging that defendants exercised "authority" or "discretionary authority" "with respect to management and administration of the Plan and/or management and disposition of the Plan's assets" and "performed fiduciary functions under this standard [29 U.S.C. § 1002(21)(A)]." Consolidated Compl., *Calpine Corp. ERISA Litig.*, ¶¶ 59-61 (Ex. D). The court nonetheless rejected such conclusory allegations as insufficient: "While

plaintiff has mimicked the language of 29 U.S.C. § 1002(21)(A), he does not provide factual allegations in support of this conclusion sufficient to support a finding that the Director Defendants are *de facto* fiduciaries on this basis."  2005 WL 1431506, at *3.

Other decisions dismissing claims because of inadequate allegations of fiduciary status include *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir. 1996) (upholding dismissal of a complaint for failure to plead fiduciary status even though the complaint was "replete with assertions" that tracked the statutory language); *JDS Uniphase Corp. ERISA Litig.,* No. C 03-04743, 2005 WL 1662131, at *2, *5 (N.D. Cal. July 14, 2005) (holding that allegations that defendants "'exercis[ed] discretionary authority with respect to management and administration of the Plans and/or management and disposition of the Plans' assets'" were insufficient and dismissing two counts against a number of defendants for failure to allege fiduciary status (quotations omitted) (alteration in original)); *Hanlon v. Melillo*, No. 403CV237Y, 2004 WL 2049337, at *1 & n.1 (N.D. Tex. Sept. 7, 2004) (finding conclusory allegations tracking statutory language insufficient to allege fiduciary status); and *Haber v. Brown,* 774 F. Supp. 877, 879 (S.D.N.Y. 1991) (dismissing claims where, to allege fiduciary status, the complaint "incorporate[ed] terms directly from" ERISA, but did not allege "a single *fact* . . . to provide the basis for applying the statute's terms" to the defendant).

When the present Complaint is examined in light of the foregoing principles, it is apparent that it is insufficient as a matter of law with respect to the Moving Defendants.

## II.     Both Claims Against the GEAM Defendants Must Be Dismissed.

The Court should dismiss both of the two claims made against the GEAM Defendants. Count II alleges that the GEAM Defendants were ERISA fiduciaries and breached their fiduciary duty by failing to advise Plan participants not to invest in GE stock.  This claim fails because Plaintiffs have failed to adequately allege that the GEAM Defendants had any responsibility

whatsoever for the Plan's GE stock investment option or for communicating with Plan participants regarding that investment option.  The allegations of co-fiduciary liability as to the GEAM Defendants (which are included in Count IV) fail for the reasons discussed in Part VI, *infra*.

In a conclusory manner, Plaintiffs allege that GEAM is an ERISA fiduciary because it purportedly "exercised discretionary authority with respect to management and administration of the Plan and/or management and disposition of its assets."  Compl. ¶ 22.  Plaintiffs allege that the individual GEAM Defendants (officers and a director of GEAM) had fiduciary duties based on their status as officers and a director of GEAM.  *Id.* ¶¶ 26-27, 33, 37, 44-45, 48-49, 60, 62, 65, 68, 73, 75, 79, 87, 89, 91, 93, 96.  The law is clear, however, that such conclusory allegations of "discretionary authority" that do no more than mimic the language of the statute are wholly insufficient to state a legal claim without specific factual allegations (which do not exist here) establishing a basis for concluding that the defendant is an ERISA fiduciary.  The law is equally clear that the individual GEAM Defendants are not fiduciaries simply because they are officers or directors of a corporate entity that Plaintiffs allege to be a fiduciary.  For these reasons alone, Plaintiffs' claims against the GEAM Defendants fail.

In addition, the Investment Management Agreement that Plaintiffs themselves rely upon in the Complaint conclusively demonstrates that neither GEAM nor the individual GEAM Defendants had any fiduciary responsibilities with regard to the GE stock investment option that is the sole subject of the Complaint, or for communicating with Plan participants regarding that investment option.

A.      **The Investment Management Agreement that Plaintiffs Themselves Rely upon in the Complaint Establishes that GEAM Is Not a Fiduciary as to the GE Stock Investment Option.**

Plaintiffs allege that GEAM is a fiduciary because it is designated as a fiduciary in the Investment Management Agreement entered into between GEAM and the Plan Trustees. *Id.* ¶ 22. Asserting that "[a]n investment manager is, by definition, a fiduciary under ERISA", Plaintiffs conclude that GEAM "exercises discretionary authority with respect to management and administration of the Plan and/or management and disposition of the Plan's assets." *Id.* But as Plaintiffs themselves allege, and thus admit, GEAM is *not* an investment advisor with regard to the Plan's GE stock investment option—the only investment option about which Plaintiffs complain. In Plaintiffs' own words, "GEAM is the investment adviser to each of the Plan's investment options, *except GE stock*." *Id.* ¶ 127 (emphasis added).[16] It is thus undisputed that GEAM is not an investment advisor with respect to the only investment option at issue in this case.

The Investment Management Agreement referred to in the Complaint confirms that GEAM is not an investment manager or fiduciary with respect to the Plan's GE stock investment option. That instrument, the Investment Management Agreement dated as of October 21, 1997 (hereafter "the Agreement"), was entered into between the Plan Trustees and General Electric Investment Corporation, GEAM's corporate predecessor. *See* Ex. E. Section 1 of the Agreement, entitled APPOINTMENT AS INVESTMENT MANAGER, appoints the Investment Manager to manage assets *other than GE stock* and certain other classes of assets:

---

[16] The Plan documents are clear that, in addition to GE stock, there are other investment options for which GEAM is not the investment advisor. For purposes of this motion, however, it is unnecessary to address GEAM's role in relation to investment options other than GE stock, since Plaintiffs' claims are based solely on the GE stock investment option.

> Commencing on the date hereof the Trustees hereby appoint the
> Investment Manager to manage the investment of the assets of the
> Trust, *not allocated for investment in* United States Savings Bonds,
> *General Electric Common Stock*, the GE S&S Program Mutual
> Fund or the GE S&S Long-Term Interest Fund; such assets,
> together with any increment thereto and income, profit or gain
> thereon, are hereinafter referred to as the 'Assets' . . . .

*Id.* § 1(a) (emphasis added).

As the Agreement expressly provides, GEAM has no investment management role with regard to investments in GE stock. *Id.* Moreover, section 4 of the Agreement, entitled FIDUCIARY DUTIES OF INVESTMENT MANAGER, states that the "Investment Manager acknowledges that it is a fiduciary, within the meaning of ERISA, *with respect to the Assets*." *Id.* § 4 (emphasis added). The Agreement defines the "Assets" as Plan assets "*not* allocated for investment in [*inter alia*] . . . General Electric Common Stock . . . ." *Id.* § 1(a) (emphasis added). Thus, the Agreement explicitly provides that GEAM has no authority or responsibility for managing or advising the Plan with regard to investments in GE stock, and it makes clear that GEAM is not a fiduciary under ERISA with respect to assets invested in GE stock. By the express terms of the Agreement, GEAM's predecessor was a fiduciary only for specified classes of Plan assets that do not include GE stock. *See id.* §§ 1(a), 4. Because GEAM stands in the shoes of its predecessor, it is likewise a fiduciary only for specified classes of Plan assets that do not include GE stock.

Neither GEAM's status as an investment manager for specified classes of Plan assets other than GE stock, nor its role as a fiduciary for such assets, converts it into an investment manager and fiduciary for all Plan assets, including the assets invested in GE stock that the Agreement itself expressly excludes from the scope of GEAM's responsibilities as investment manager and fiduciary. As discussed in Part I, *supra*, it is settled that ERISA "does not make a person who is a fiduciary for one purpose a fiduciary for every purpose," *Johnson*, 19 F.3d at

1188, and that a person is a "fiduciary only 'to the extent' that" he performs a fiduciary function in relation to a plan. *Pegram,* 530 U.S. at 225-26.

Where, as here, the applicable plan documents—the Investment Management Agreement—demonstrate that certain defendants are not fiduciaries with regard to the conduct alleged in the complaint, claims alleging that those defendants are liable for breach of fiduciary duty with regard to such conduct must be dismissed.[17] *See Williams Cos.*, 271 F. Supp. 2d at 1339 (dismissing breach of fiduciary duty claims against certain fiduciaries where Plan documents demonstrated that they lacked a fiduciary responsibility for the conduct targeted by the complaint); *Crowley*, 234 F. Supp. 2d at 228-30 (same); *Hull v. Policy Mgmt. Sys. Corp.*, No. Civ. A. 3:00-778-17, 2001 WL 1836286, at *8 (D.S.C. Feb. 9, 2001) (dismissing claims because, "while the Plan documents demonstrate that the corporate defendants owed certain limited fiduciary duties to the Plan, and while plaintiff includes numerous allegations of wrongdoing by the corporate defendants, there is no connection between the two"); *see also* Part I, *supra*.

Count II does not allege that GEAM breached a fiduciary duty with respect to any of the Plan's investment options other than GE stock. Because Plaintiffs concede that GEAM is not the investment advisor for the GE stock investment option, and because the Investment Management Agreement that Plaintiffs rely upon in their Complaint clearly establishes that GEAM was not the investment manager for investments in GE stock, Plaintiffs have failed to allege that GEAM is an ERISA fiduciary with respect to the conduct complained of in this case. Rather, the opposite is true: Plaintiffs have alleged facts establishing that GEAM (1) did not advise the Plan with regard to the GE stock investment option, (2) did not manage Plan investments in GE stock,

---

[17] In addition, the other Plan documents make clear that these responsibilities were assigned to others. *See* Part V.A, *infra*.

and (3) did not perform any fiduciary function with regard to Plan assets invested in GE stock.

Therefore, Count II must be dismissed as to GEAM.

> **B.  Plaintiffs Have Failed To Adequately Allege that GEAM's Officers and Directors Performed Any Fiduciary Function with Respect to GE Stock.**

Twenty-one persons alleged to be present or former officers and a director of GEAM are also named as defendants in Count II, on the theory that they are *de facto* fiduciaries under ERISA with respect to the Plan's GE stock investment option.  Compl. ¶ 112.  Plaintiffs allege that these defendants are fiduciaries because they held positions as officers and a director of GEAM, and because GEAM is allegedly an ERISA fiduciary:

> Upon information and belief, during the Class Period, *based on their high-level capacity and role within GEAM* relating to the Plan's investments *and GEAM's role as investment manager* for the Plan, the [GEAM officers] *carried out GEAM's role* as a fiduciary . . . *and influenced, managed and controlled GEAM in its role as a Plan fiduciary*.

*Id.* ¶ 112 (emphasis added).

Plaintiffs' attempt to characterize the individual GEAM Defendants as fiduciaries fails for two reasons.

First, the fact that these defendants are GEAM officers and a director does not make them fiduciaries with regard to the conduct at issue because, as demonstrated in Part II.A, GEAM itself is not a fiduciary with regard to the Plan's GE stock investment option.  Since GEAM is not a fiduciary with regard to GE stock, it necessarily follows that its officers and director cannot be fiduciaries with regard to GE stock by virtue of their "high-level capacity and role within GEAM."  Compl. ¶ 112.

Second, even if GEAM were a fiduciary with regard to the GE stock investment option, Plaintiffs' claims against the GEAM individual defendants would still have to be dismissed because Plaintiffs fail to allege that, in their roles as GEAM officers and a director, those

defendants actually had or exercised any discretionary authority over administration or management of the Plan or control over the management or disposition of its assets in connection with GE stock—the *sine qua non* of *de facto* fiduciary status in this instance.  Notably, Plaintiffs do *not* allege that, by virtue of their positions with GEAM, these defendants themselves had or exercised any discretionary authority or control over the administration or management of the Plan or its assets,[18] including with respect to the Plan's GE stock investment option, or that they actually took any action with regard to such matters.  Instead of alleging that the GEAM officers and director exercised such discretionary authority or control, the Complaint alleges simply that they were officers or a director of GEAM.  It is well established, however, that "an individual cannot be liable as an ERISA fiduciary solely by virtue of her position as a corporate officer, shareholder or manager."  *WorldCom, Inc. ERISA Litig.,* 263 F. Supp. 2d 745, 757 (S.D.N.Y. 2003); *see Henry v. Champlain Enterp., Inc.,* 288 F. Supp. 2d 202, 222 (N.D.N.Y. 2003) (a person's "*status* as a member of the board of directors" is not enough to make that person an ERISA fiduciary, even if the corporation is itself a fiduciary); *In re Enron Corp.*, 284 F. Supp. 2d 511, 553 n.59 (S.D. Tex. 2003); 29 C.F.R. § 2509.75-8, D-4 & D-5.  *See also* discussion and cases cited in Section IV.A, *infra*.  Plaintiffs' Complaint is devoid of any factual allegations that, if proven, would establish that, in their role as GEAM officers and a director, any of these individual defendants actually exercised discretionary authority or control over the Plan's management, administration, or assets let alone that these individual defendants performed any

---

[18] For reasons already discussed, given the lack of supporting factual allegations, such conclusory allegations would be insufficient in all events.  But the absence of any allegations of discretionary authority on the part of the GEAM Defendants with regard to the Plan or its assets is a particularly glaring omission in light of the fact that such allegations are made with respect to other defendants.

fiduciary function with regard to Plan assets invested in GE stock.  *See* 29 U.S.C.

§ 1002(21)(A)(i); *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 251 (1993).

Accordingly, as a matter of law, the allegations of the Complaint are wholly insufficient

to establish the fiduciary status of the individual GEAM Defendants with regard to the conduct

complained of in Count II.  That Count must therefore be dismissed as to those defendants.

### C.  Plaintiffs Have Failed To Allege that the GEAM Defendants Were Responsible for Communicating with Plan Participants Regarding GE Stock.

Even if the GEAM Defendants were fiduciaries with regard to the GE stock investment

option, Count II would still have to be dismissed as to those defendants.  Count II alleges that the

GEAM Defendants breached a fiduciary duty specifically by failing to provide information to

Plan participants regarding the alleged imprudence of investing in GE stock.  Compl. ¶ 270.

Plaintiffs have failed, however, to allege that those defendants had any authority or were

allocated any responsibility for communicating with Plan participants regarding investing in GE

stock.

Count II alleges that certain *other* defendants—GE, the GE Officer Defendants, the GE

Director Defendants, and the Pension Board Defendants—had "fiduciary duties and

responsibilities [that] included drafting and disseminating plan documents, SPDs and

information to participants regarding the assets of the Plan."  *Id.* ¶ 260.  But no such allegation is

made with regard to the GEAM Defendants.

Rather, lumping all 76 defendants together, Plaintiffs allege generally that "[a]ll

Defendants had a duty to provide participants with information they possessed that they knew or

should have known would have material impact on the Plan."  *Id.* ¶ 261.  As already

demonstrated, however, GEAM and its officers and director were not fiduciaries with regard to

the GE stock investment option and thus could have no fiduciary duty to disseminate information

19

concerning that investment option.  Moreover, the Complaint contains no factual allegations showing the existence or source of any responsibility on the part of the GEAM Defendants for communicating with Plan participants regarding the prudence of investing in GE stock.  Nor is there any allegation that the GEAM Defendants in fact communicated with Plan participants regarding the GE stock investment option.  The Plan documents referenced in the Complaint likewise do not assign any such responsibilities to GEAM or its officers and directors.  In fact, the Plan documents make clear that the precise opposite is true:  that the GEAM Defendants do not have the authority or responsibility with regard to the Plan's investment in GE stock or for communicating with Plan participants regarding the GE stock investment option, and that this authority and responsibility resides with other entities.

The conclusory allegation in paragraph 261 of the Complaint that all 76 defendants owed a duty to provide information to Plan participants is no substitute for specific factual allegations establishing that the GEAM Defendants had the responsibility to provide Plan participants with information on the prudence of investing in GE stock.  *See*, *e.g., Akers v. Palmer*, 71 F.3d 226, 230 (6th Cir. 1995).  Accordingly, GEAM and its present and former officers and director must be dismissed from Count II.  *See Merck & Co., Sec. Derivative & ERISA Litig.*, No. 05-2369, 2006 WL 2050577, at *14 (D.N.J. July 11, 2006) (dismissing complaint as to certain defendants because plaintiffs failed to adequately allege that those defendants had a fiduciary responsibility to communicate with Plan participants).

**III.    Both Claims Against the Fund Trustee Defendants Must Be Dismissed.**

Counts II and IV are brought against the Fund Trustee Defendants.  As with the GEAM Defendants, Count II alleges that the Fund Trustee Defendants were ERISA fiduciaries and breached their fiduciary duty by failing to advise Plan participants not to invest in GE stock.  Compl. ¶ 270.  This claim fails because the Fund Trustee Defendants, like the GEAM

Defendants, had no responsibility or authority for the GE stock investment option at issue, and thus were not fiduciaries with respect to GE stock and had no responsibility for communicating with Plan participants about the prudence of investing in GE stock.

> **A.   Plaintiffs Do Not Allege that the Fund Trustee Defendants Are Fiduciaries with Regard to the Plan's GE Stock Investment Option.**

The Complaint alleges that the Fund Trustees are fiduciaries because (1) they "exercised discretionary authority or discretionary responsibility in the administration of the Plan," (2) they "exercised discretionary authority or control with respect to the management of the Plan's assets," and (3) they "exercised discretionary authority and control with respect to the appointment of other Plan fiduciaries." Compl. ¶ 21(e). As already demonstrated, *see* Part I, *supra*, as a matter of law, such conclusory allegations of "discretionary authority" are insufficient to allege fiduciary status under ERISA in the absence of supporting factual allegations that, if proven, would demonstrate such authority. For this reason alone, Count II must be dismissed against the Fund Trustee Defendants.

Moreover, with respect to the Plan's GE stock investment option—the sole subject of Plaintiffs' claims in this case—the Plan documents completely refute these allegations. As previously noted, the applicable Plan documents demonstrate that certain defendants are not fiduciaries with regard to the conduct alleged in the complaint, claims alleging that those defendants are liable for breach of fiduciary duty with regard to such conduct must be dismissed. *See* Part I, *supra*, (citing *Williams Cos.*, 271 F. Supp. 2d at 1339; *Crowley*, 234 F. Supp. 2d at 228-30; *Hull*, 2001 WL 1836286, at *8); Part II.A, *supra*.

The Complaint correctly alleges that the GE Savings and Security Program is a plan consisting of multiple trusts, including the Income Fund and the Mutual Fund, each with its own trustees. Compl. ¶ 122 ("During the Class Period, the assets of the Plan were held in trust

pursuant to various trust agreements, including the S & S Trust and separate trust agreements for the Funds.").

As to Plaintiffs' first allegation that the Fund Trustees are responsible for the administration of the Plan, the Trust Agreements for both the Income Fund and the Mutual Fund explicitly state that the "Fund Trustees shall have *no duty whatsoever* in respect of the administration of the [Savings and Security] Program."  General Electric S & S Program Mutual Fund Trust Agreement, March 19, 2004 ("Mutual Fund Trust Agreement") (Ex. F), Art. II, § 4 (emphasis added); General Electric Long Term Interest Fund Trust Agreement, Jan. 1, 1980 ("Income Fund Trust Agreement") (Ex. G), Art. II, § 4 (emphasis added).  The Plan documents thus directly refute Plaintiffs' allegation that the Fund Trustees have "authority or discretionary responsibility in the administration of the Plan." Compl. ¶ 21(e).  "ERISA plans are governed by written documents that define their scope. . . ." *Neuma, Inc. v. AMP, Inc*., 259 F.3d 864, 872-73 (7th Cir. 2001).  Where the applicable plan documents conflict with a plaintiff's claims relying on those documents, the court must look to the plan documents as the governing instrument. *See, e.g., Williams Cos.*, 271 F. Supp. 2d at 1338 (dismissing claims against Williams where the "Plaintiffs assert that Williams was an administrator of the Plan and as such had a fiduciary responsibility to Plan participants. The Plan provisions, however, do not support this assertion."); *Crowley*, 234 F. Supp. 2d at 228-30; *Hull*, 2001 WL 1836286, at *8.

Second, as to Plaintiffs' allegation that the Fund Trustees exercised authority to manage the assets of the Plan, both the Income and the Mutual Fund Trust Agreements grant the Fund Trustees authority only to "manage and control the assets *of the Fund*."  Mutual Fund Trust Agreement, Art. V, § 1 (emphasis added); Income Fund Trust Agreement, Art. V, § 1 (emphasis added).  In the Trust Agreement for each Fund, the term "Fund" is defined to mean only the

assets of that Fund. Accordingly, the Plan documents grant a Fund Trustee no authority to manage or control any Plan assets outside of the Fund for which he is a trustee.

Nor have Plaintiffs alleged that any of the Fund Trustees manage or control any Plan assets outside of the Fund for which he is a trustee. To the contrary, the Complaint alleges that "the Fund Trustees possess the power and the authority . . . to control and manage the assets of the Plan *invested in the Funds*." Compl. ¶ 21(e) (emphasis added). The Complaint defines the term "Funds" to mean the Income Fund and the Mutual Fund. *Id.*

And it is indisputable that the Plan documents do not allow either the Income Fund or the Mutual Fund to invest in GE stock. *See* GE Savings and Security Program Plan Document, July 1, 2003 (Ex. A), App. § I(A)(2)(d) ("The Mutual Fund will not invest in securities of the Company or its affiliates. . . ."); *id.* App. § I(D) (assets of the Income Fund to be invested in bonds, debentures, and "other types of fixed income investments" "with the objective of achieving a high interest rate of return").[19] Because the Fund Trustees manage and control only the assets in the Funds, and because the Plan prohibits the Funds from holding GE stock, the Fund Trustees do not manage or control any of the GE stock in the Plan.

Finally, as to the allegation that the Fund Trustees are fiduciaries because they may appoint other fiduciaries for the Plan, Plaintiffs overlook the fact that the Fund Trustees have the authority to appoint investment managers only for the assets under the Fund Trustees' control. *See* Mutual Fund Trust Agreement, Art. V, § 1(g) (Fund Trustees have the authority to "appoint and discharge . . . an investment manager . . . *to manage and control the assets of the Fund*"

---

[19] The securities laws also would prohibit the funds from owning GE stock. Section 12(d)(3) of the Investment Company Act of 1940, 15 U.S.C. § 80a-12(d)(3), prohibits investments in securities-related issuers. Rule 12d3-1, 17 C.F.R. 270.12d3-1, provides a limited exemption from section 12(d)(3) but states in sub-paragraph (c)(3) that it does not exempt (and therefore prohibits) the acquisition of a security issued by a fund's adviser or an affiliate of the adviser.

(emphasis added)); Income Fund Trust Agreement, Art. V, § 1(g) (same).  Because the Plan documents prohibit it, GE stock could never be an asset of either Fund.  Accordingly, the Fund Trustees lack the power to appoint an investment manager who could manage GE stock.

The Plan documents that define the scope of the Fund Trustees' fiduciary duties, and that Plaintiffs themselves rely upon, are therefore fatal to Plaintiffs' claim against the Fund Trustees in Count II.  And the Fund Trustees' status as fiduciaries for the limited purpose of certain specified Fund assets does not convert them into fiduciaries for Plan assets, including the Plan's holdings of GE stock, which are expressly not part of the Funds' assets.  *See* Part I, *supra*.

Because the allegations against the Fund Trustee Defendants are wholly conclusory, and because the Plan documents that Plaintiffs themselves rely upon in their Complaint establish that the Fund Trustees had no fiduciary function with regard to the GE stock investment option, the Complaint does not allege that the Fund Trustees are fiduciaries under ERISA with respect to the conduct complained of in this case.  To the contrary, Plaintiffs have alleged facts establishing that the Fund Trustees (1) did not have any responsibility for the administration of the Plan, (2) did not have any responsibility to manage or control Plan investments in GE stock, and (3) did not appoint any fiduciaries who could manage or control the GE stock in the Plan.  Because the Fund Trustee Defendants are not fiduciaries as to the GE stock investment option, the claims against them in Count II must be dismissed.

### B. Plaintiffs Do Not Adequately Allege that the Fund Trustee Defendants Were Responsible for Communicating with Plan Participants Regarding the GE Stock Investment Option.

Even if the Fund Trustee Defendants were fiduciaries with regard to the GE stock investment option, Count II would still have to be dismissed as to those defendants because the Complaint does not adequately allege that they were assigned the responsibility of communicating with Plan participants regarding GE stock.

Plaintiffs broadly and conclusorily allege that "[a]ll Defendants had a duty to provide participants with information they possessed that they knew or should have known would have material impact on the Plan." Compl. ¶ 261. As already demonstrated, however, the Fund Trustees were not fiduciaries with regard to the GE stock investment option. Moreover, nowhere in the Complaint are any facts alleged that would give rise to a duty on the part of the Fund Trustees to communicate with Plan participants regarding the prudence of investing in GE stock. Nor is there any allegation that the Fund Trustees in fact communicated with Plan participants regarding the GE stock investment option. The Plan documents referenced in the Complaint likewise do not allocate any such responsibilities to the Fund Trustees. In fact, the Plan documents make clear that the Fund Trustee Defendants do not have the authority or the responsibility with regard to the Plan's investment in GE stock or for communicating with Plan participants regarding the GE stock investment option, and that this authority and responsibility resides with other entities.

The conclusory allegation in paragraph 261 that all defendants owed a duty to provide information to Plan participants does not eliminate the need for factual allegations establishing that the Fund Trustees had a fiduciary responsibility to provide Plan participants with information on the prudence of investing in GE stock. *See*, *e.g., Akers*, 71 F.3d at 230. Consequently, Count II must be dismissed as to the Fund Trustees. *See Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, Civ. A. No. 05-2369, 2006 WL 2050577, at *14 (D.N.J July 11, 2006) (dismissing complaint as to certain defendants because plaintiffs failed to adequately allege that those defendants had a fiduciary duty to communicate with Plan participants).

## IV.   All Claims Against the Officer Defendants Must Be Dismissed.

The Officer Defendants are named in all five counts, but none of the counts states a claim against them upon which relief can be granted because they are not fiduciaries for any purpose.

A.   **Plaintiffs Have Failed To Adequately Allege that the Officer Defendants Were ERISA Fiduciaries for any Purpose.**

Plaintiffs allege that the Officer Defendants were ERISA fiduciaries (1) based on their alleged status as "high-level corporate officers" of GE (Compl. ¶ 115); (2) based on the conclusory allegation that six of the seven Officer Defendants "exercised discretionary authority with respect to the administration, control and/or management of the Plan" (*e.g., id.* ¶¶ 23, 53, 62, 85, 94, 95, 115); and (3) based on the allegation that they are named fiduciaries (*id.* ¶ 136). None of these allegations, however, is sufficient to establish fiduciary status on the part of the Officer Defendants.

An individual is not deemed to be an ERISA fiduciary simply because he is an officer of a company that is itself a plan fiduciary. Such an approach is contrary to the functional test adopted by the Supreme Court, which focuses on a person's actual performance of a fiduciary function as the key determinant of fiduciary status, i.e., whether the defendant "was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich,* 530 U.S. 211, 226 (2000). Plaintiffs' theory sweeps far too broadly since it would make a fiduciary out of virtually *every* corporate officer whenever a corporation is named as or acts as a corporate fiduciary, resulting in a needless and confusing multitude of fiduciaries and a radical expansion of ERISA liability. To avoid such overreaching, courts have expressly ruled that an individual does not become an ERISA fiduciary solely by virtue of his or her position as a corporate officer, shareholder, or manager. *See Henry v. Champlain Enters., Inc.*, 288 F. Supp. 2d 202, 222 (N.D.N.Y. 2003); *In re Enron Corp.*, 284 F. Supp. 2d 511, 553 n.59 (S.D. Tex. 2003); *WorldCom ERISA Litig.,* 263 F. Supp. 2d 745, 757 (S.D.N.Y. 2003); 29 C.F.R. § 2509.75-8, D-4 & D-5. *See also* discussion of cases cited in Part

II.B., *supra*.  Accordingly, the Officer Defendants are not fiduciaries under ERISA simply because of their alleged status as "high-level corporate officers" of GE.

Nor is it sufficient for Plaintiffs to allege as they do that that six of the seven Officer Defendants "exercised discretionary authority with respect to the administration, control and/or management of the Plan,"[20] since that allegation itself relies upon each Defendant's "high level capacity and role within the Company" or, in other words, his status as a corporate officer.  *E.g.,* Compl. ¶¶ 23, 53, 62, 85, 94, 95, 115.  Alleging that these defendants exercised discretionary authority with respect to the Plan *because they are corporate officers* is just another way of attempting to impose fiduciary liability based solely on their positions as corporate officers.  Moreover, as the case law makes clear, simply mimicking the language of the statute without supporting factual allegations is insufficient as a matter of law to allege fiduciary status.  *See, e.g., JDS Uniphase Corp. ERISA Litig.*, 2005 WL 1662131, at *2, 5 (granting motion to dismiss and holding that conclusory allegations that defendants "exercis[ed] discretionary authority with respect to management and administration of the Plans and/or management and disposition of the Plans' assets" were insufficient to allege fiduciary status).  *See* discussion and cases cited in Part I, *supra*.  Here, no *facts* are alleged which, if proven, would show that the Officer Defendants had any discretionary authority or control with regard to the Plan in general, or more specifically with regard to the GE stock investment option that is the subject of Plaintiffs' claims.

Plaintiffs' third allegation is that "the GE Defendants"—a term that Plaintiffs define to include the Officer Defendants, Compl. ¶ 115—are named fiduciaries because they were "appointed the Plan's Administrator."  *Id.* ¶ 136.  But the Officer Defendants were not appointed the Plan's Administrator; GE was appointed the Plan's Administrator.  S&SP Plan Document

---

[20]  No such allegation is made with respect to Mr. Caruso, and thus this second theory plainly affords no basis for imposing ERISA liability on Mr. Caruso.

(Ex. A) § XIV.A.2.  Nor are the Officer Defendants named fiduciaries.  A named fiduciary is "a fiduciary who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly."  ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2).  A review of the Plan documents reveals that *none* of the Officer Defendants is named as a fiduciary.  *See* S&SP Plan Document (Ex. A) at 53 (identifying the named fiduciaries).[21]

Plaintiffs' theory also flies in the face of the Plan documents, which establish that discretionary authority and control over the administration of the Plan has been completely assigned to the Company and the Pension Board.  *See* S&SP Plan Document (Ex. A) ¶¶ XIV.A.1 ("Except to the extent that . . . management and control of the operation and administration of the Program have been expressly allocated hereunder . . . the control and management of the operation and administration of the Program shall be vested in the Company."), XIV.A.3 (expressly assigning to the Pension Board various "powers, duties, obligations and responsibilities with respect to the management and control of the operation and administration of the Program").[22]  Similarly, control over management of the Plan's assets has been completely assigned to the Plan Trustees and the Benefit Plan Investment Committee.  *See id.* ¶ XIII.A.1 ("The Committee shall appoint one or more individuals or corporations to act as Trustees ('the Trustees') who shall have the sole and exclusive authority and discretion (except as otherwise

---

[21] The Plan provides that additional named fiduciaries can be appointed in writing by the Company, *see* S&SP Plan Document (Ex. A) at 53, but the Complaint does not allege that any of the Officer Defendants was appointed as a named fiduciary in writing.

[22] But even the Pension Board's limited fiduciary duties do not include the responsibilities that Plaintiffs seek to attribute to the Pension Board with respect to the GE Stock investment option. Although the Pension Board Defendants do not seek dismissal in the present motion, they reserve the right to seek such dismissal at a later time.

expressly provided . . . with respect to the power and authority of the Committee . . .) to manage and control the assets of the Trust."), XIII.C ("[T]he [Benefits Plan Investment] Committee shall have the authority to direct the Trustees and the Fund Trustees, both generally and specifically, with respect to the management and control of the assets of the Trust, the Mutual Fund and the Income Fund and may appoint and discharge one or more investment managers with authority to manage and control the assets of the Trust, the Mutual Fund or the Income Fund.  Except to the extent that the Committee shall have given directions to the Trustees or the Fund Trustees, or an investment manager or managers shall have been appointed to manage and control the assets of the Trust, the Mutual Fund and Income Fund, the Trustees and the Fund Trustees, respectively, shall continue to have sole and exclusive authority and discretion to manage and control the assets of the Trust, the Mutual Fund and the Income Fund, together with all of the obligations and responsibilities attendant upon such authority and discretion.").

"A party does not become a fiduciary simply by a litigant's assertion that this is the case."  *Akers v. Palmer*, 71 F.3d 226, 230 (6th Cir. 1995).  *Accord*, *Carpenters Health & Welfare Trust Fund*, 25 F.3d at 856; *Crowley*, 234 F. Supp. 2d at 228.  Instead, a plaintiff is required to plead facts sufficient to show each defendant's fiduciary status.  *See* discussion and cases cited in Part I, *supra*.  Plaintiffs have not met their burden as to the GE Officer Defendants.  Accordingly, they have failed to establish that the Officer Defendants are fiduciaries.

> **B.     Plaintiffs Have Failed To Allege that the Officer Defendants Performed a Fiduciary Function with Respect to the GE Stock Investment Option or Were Responsible for Communicating with Plan Participants Regarding that Investment Option.**

Even if there were allegations providing a factual basis for concluding that the Officer Defendants were fiduciaries for some purpose (which there is not, as explained above), the claims against the Officer Defendants would still fail because Plaintiffs have not adequately

alleged that the Officer Defendants are fiduciaries for any purpose pertinent to this case (*e.g.*, that they had the fiduciary responsibility of communicating with Plan participants regarding the Plan's GE stock investment option).  The allegations in Count II that the Officer Defendants had "fiduciary duties and responsibilities [that] included drafting and disseminating plan documents, SPDs and information to participants regarding the assets of the Plan," Compl. ¶ 260, is entirely conclusory.  Plaintiffs fail to identify any source for these alleged duties.  In fact, the Plan document makes clear that the Officer Defendants do not have these duties.[23]

To the extent that the Officer Defendants are alleged to have communicated with Plan participants by signing SEC filings, it is clear that they were not performing fiduciary functions under ERISA when they acted.  As discussed in detail in Defendants' Memorandum in Support of First Motion To Dismiss, Part II.B.2, SEC filings and statements made to the market regarding a company's business and financial information are made in a corporate capacity, and not in a fiduciary capacity under ERISA.[24]  Moreover, it is the federal securities laws, not ERISA, that

---

[23] *See* S&SP Plan Document (Ex. A) ¶¶ XIV.A.1 ("Except to the extent that the powers, duties, obligations and responsibilities with respect to the management and control of the operation and administration of the Program have been expressly allocated hereunder to Named Fiduciaries or other entities, the control and management of the operation and administration of the Program shall be vested in the Company.").  No provision of the Plan assigns any duty to communicate to the Officer Defendants.

[24] Courts have routinely held that their incorporation into plan documents does not convert SEC filings into fiduciary communications.  *See, e.g., Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002) (holding as a matter of law that statements to the market are not made in a fiduciary capacity where plaintiffs alleged that the SPDs incorporation of SEC filings converted them to fiduciary communications); *Stein v. Smith*, 270 F. Supp. 2d 157, 173 (D. Mass. 2003) ("With respect to [press releases and SEC filings], no fiduciary liability can be implicated: these were statements made to the market in general, not to Plan participants specifically."); s*ee also Anoka Orthopaedic Assocs., P.A. v. Lechner*, 910 F.2d 514, 517 (8th Cir. 1990) ("The performance of ministerial functions, including the preparation of reports required by government agencies, does not entail discretionary authority or responsibility within the meaning of 29 U.S.C. § 1002(21)(A)."); *Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 987 (C.D. Cal. 2004) (holding that statements made to the market were not made in a fiduciary context); *Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328, 1338 (N.D. Okla. 2003) (holding that statements concerning

require the incorporation of SEC filings.  Such incorporation is a mandatory rather than

discretionary act, and the person directing such incorporation is not acting as a fiduciary when

giving this direction.  *See id.*  At any rate, such filings are governed by the securities laws rather

than ERISA.  Thus, Plaintiffs' allegations that the Officer Defendants signed SEC filings does

not make them ERISA fiduciaries.  Compl. ¶¶ 23.

Because the Complaint fails to adequately allege that the Officer Defendants were

fiduciaries for any purpose, all five Counts must be dismissed as to the Officer Defendants.

**V.     All Claims Against the Director Defendants Must Be Dismissed.**

Unlike the Officer Defendants, the Director Defendants may be ERISA fiduciaries, but

only for the limited purpose of appointing and removing other fiduciaries.  Although Count III

challenges the Director Defendants' conduct in relation to their appointment and removal

powers, that Count fails as a matter of law because the Complaint's allegations are insufficient to

state a claim for breach of that duty.  Moreover, Counts I and II do not implicate the Directors'

appointment and removal power at all, and therefore, they cannot state claims against the

Director Defendants for a breach of fiduciary duty.  Counts IV and V also fail as against the

Director Defendants for the reasons set forth in Parts VI and VII, *infra*.  The Defendant Directors

must therefore be dismissed from the case.

> **A.     Plaintiffs Have Failed To Allege that the Director Defendants Performed Any
> Fiduciary Function Relating to the GE Stock Investment Option.**

Plaintiffs' allegation that the Director Defendants have broad fiduciary functions is based

principally on the assertion that the business and affairs of the Company, including in its role as a

Plan fiduciary, are managed under the direction of the GE Board of Directors.  Compl. ¶ 23(a).

---

Continued ...

company's future performance were not actionable since they were "not made . . . in any
fiduciary capacity regarding the Plan").

As a matter of law, however, those allegations are not sufficient to make the Directors ERISA fiduciaries.  Just as a person's status as an officer of a corporate fiduciary does not make that person an ERISA fiduciary (*see* Parts II.B. & IV.A, *supra*), a person's status as a director of a corporate fiduciary neither makes that person an ERISA fiduciary nor broadens any limited fiduciary function he may otherwise exercise.  *See Williams Cos*., 271 F. Supp. 2d at 1339 (motion to dismiss granted where "under the Plan documents, the Board does not have the power to control investment options"); *Crowley,* 234 F. Supp. 2d at 229 (motion to dismiss granted where "the Board did not control investment options"); 29 CFR § 2509.75-8, D-4 & D-5.

For example, in *Henry v. Champlain Enterprises, Inc.,* 288 F. Supp. 2d 202, 222 (N.D.N.Y. 2003), Judge Hurd of this Court held that a person's "*status* as a member of the board of directors" is not enough to make that person an ERISA fiduciary, even if the corporation is itself a fiduciary.  Rather, the plaintiff must allege and prove that the director engaged in "*conduct* amounting to discretionary control or authority" over the plan.  *Id.* (dismissing breach of fiduciary duty claim against director of a corporate fiduciary).

Similarly, in *WorldCom* the court held that the powers of control and direction vested in corporate directors do not make those directors fiduciaries of the corporation's ERISA plans. 263 F. Supp. 2d at 760-61.  The plaintiffs had argued that the WorldCom directors were fiduciaries "because of their control of WorldCom" and because "all corporate powers are exercised by and the affairs of the corporation are managed under the direction of the Board of Directors."  *Id*. at 760.  Rejecting the plaintiffs' theory, the court emphasized that its acceptance "would make any supervisor of an ERISA fiduciary also an ERISA fiduciary."  *Id.*  Because the plaintiffs had not sufficiently alleged that the director defendants actually functioned as ERISA

fiduciaries, the court dismissed the plaintiffs' claims against those defendants. *See also Enron Corp.*, 284 F. Supp. 2d at 553 n.59.

As in the case of the Officer Defendants, Plaintiffs also make the conclusory allegation that GE's Director Defendants exercised discretionary authority over the administration of the Plan and the management of its assets. Compl. ¶ 21(a) ("the Board is a fiduciary with respect to the Plan because it exercised discretionary authority or discretionary responsibility in the administration of the Plan, exercised discretionary authority or control with respect to the management of the Plan's assets, and exercised discretionary authority and control with respect to the management of the Plan's assets . . . "). The Complaint makes explicit, however, that this allegation is "[b]ased on" the immediately preceding allegation that the Company's affairs are managed under the direction of the Board. *Id.* In other words, the allegation of discretionary authority is simply another way of attempting to allege fiduciary status based solely on the Director Defendants' status as company directors—a theory that courts have repeatedly rejected. Nor does the mere assertion of "discretionary authority or control" suffice. As discussed in Part I, *supra*, simply making allegations of discretionary authority and parroting the statutory language without any supporting factual allegations is, as a matter of law, insufficient to show fiduciary status. *See, e.g., JDS Uniphase Corp. ERISA Litig.*, 2005 WL 1662131, at *2, 5 (granting motion to dismiss and holding that conclusory allegations that defendants "exercis[ed] discretionary authority with respect to management and administration of the Plans and/or management and disposition of the Plans' assets" were insufficient to allege fiduciary status). Here, no facts are alleged which, if proven, would show that the Board actually exercised discretionary authority or control with regard to the GE stock investment option that is the subject of Plaintiffs' claims.

The Plan documents referred to and explicitly relied upon in the Complaint demonstrate that the Director Defendants are not fiduciaries, except to the limited extent that they exercise the power to appoint and remove certain Plan fiduciaries.  Putting aside that the Complaint fails to allege adequately a breach of that duty, *see* Part V.C., *infra*, the Plan documents establish that all other responsibilities implicated by the Complaint concerning the administration of the Plan and the control of its assets were assigned to persons and entities other than the Board of Directors. *See* Part IV.B.  Specifically, Plan documents establish that discretionary authority and control over the administration of the Plan has been completely assigned to the Company and the Pension Board.  *See* Part IV.A. (citing S&SP Plan Document ¶¶ XIII.A.1, XIII.C) & note 23 (citing S&SP Plan Document ¶¶ XIV.A.1), *supra*.  Similarly, control over management of the Plan's assets has been completely assigned to the Plan Trustees and the Benefit Plan Investment Committee.  *See* Part IV.A (citing S&SP Plan Document ¶¶ XIII.A.1, XIII.C).

Thus, Plan documents referenced in Plaintiffs' own Complaint refute Plaintiffs' allegation that the Director Defendants exercised discretionary authority over the administration of the Plan and control over the management of Plan assets.  Because responsibility for administration of the Plan and management of Plan assets was assigned to others, the Director Defendants did not perform any fiduciary functions with regard to the administration of the Plan or management of its assets and cannot be ERISA fiduciaries for those purposes.  Plaintiffs have failed to allege that the Director Defendants otherwise exercised any *de facto* control over the Plan—or, indeed, that the Director Defendants performed fiduciary functions beyond the very limited scope of the appointment and removal functions assigned to them by the Plan documents. Because fiduciary liability under ERISA can extend only to acts or omissions in a fiduciary capacity, any claims in the Complaint that are based upon the Directors' allegedly exercising

discretionary authority over the administration of the Plan and control over the management of its assets must be rejected; Plaintiffs have not alleged that the Director Defendants performed those functions.

> **B.      Plaintiffs Have Failed To Allege that the Director Defendants Performed a Fiduciary Function with Respect to the GE Stock Investment Option or Were Responsible for Communicating with Plan Participants Regarding that Investment Option.**

Plaintiffs allege that the Director Defendants had "direct and indirect communications" with Plan participants in the form of company filings with the Securities Exchange Commission such as SEC S-8 statements, SEC Form 10-Ks, SEC Form 10-Qs, and SEC Form 11-Ks, which Plaintiffs assert were misleading.  Compl. ¶ 218.  As explained above, however, SEC filings and statements made to the market regarding a company's business and financial information are made in a corporate capacity, and not in a fiduciary capacity under ERISA.  *See* Part IV.B (citing cases), *supra*; Defendants' Memorandum in Support of First Motion To Dismiss, Part II.B.2. That the SPDs given to Plan participants allegedly referred to or incorporated the company's SEC filings (Compl. ¶ 218) does not alter this conclusion.  The Complaint does not allege that the Director Defendants exercised any discretionary authority to cause the SPDs to refer to GE's SEC filings, and, as noted, the Plan documents show that the Board did not have responsibility for communicating with Plan participants.  *See* note, 23, *supra*.  Because there is no allegation that the Director Defendants sent the SPDs to Plan participants or decided that the SPDs should incorporate by reference the Company's SEC filings, references in the SPDs to the Company's SEC filings cannot make the Director Defendants ERISA fiduciaries.

C.   **Plaintiffs Have Failed To Adequately Allege that the Director Defendants' Limited Fiduciary Function of Appointing and Removing Fiduciaries Extended to the Conduct Complained of.**

Plaintiffs allege in conclusory fashion that the GE Board of Directors had the power to appoint and remove the members of the Benefits Plan Investment Committee and the Pension Board, and that the members of the Board of Directors were ERISA fiduciaries for those purposes.  Compl. ¶¶ 21(a), 21(b), 21(d).  But Count III fails because the Complaint does not plead facts that, if proven, would show that the Directors breached any limited responsibilities arising from their appointment and removal powers.

Courts have generally recognized that the power to appoint and remove plan fiduciaries is a fiduciary function.  The resulting fiduciary responsibility, however, is a limited one and can extend only to those functions.  *See Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328, 1339 (N.D. Okla. 2003) ("[T]he only power the Board had under the Plan was to appoint, retain, or remove members of the Benefits Committee. Plan § 7.1.  Thus, the Board's fiduciary obligations can extend only to those acts."); *Indep. Ass'n of Publishers' Employees, Inc. v. Dow Jones & Co., Inc.,* 671 F. Supp. 1365, 1367 (S.D.N.Y. 1987).  Here, the Complaint fails to set forth a viable claim that the Director Defendants breached their fiduciary duty in connection with the appointment and removal of members of the Benefit Plan Investment Committee and the Pension Board.

First, Plaintiffs' claim fails as a matter of law because the Complaint does not allege that any specific fiduciary appointed by the GE Director Defendants was unqualified to serve on the Benefit Plan Investment Committee or the Pension Board.  *See Williams Cos.*, 271 F. Supp. 2d at 1339 (dismissing complaint against members of board of directors where board's only powers were to appoint, retain, or remove members of the benefits committee, and the complaint did not sufficiently allege breaches of duties stemming from that appointment power); *Crowley v.*

*Corning, Inc.*, 234 F. Supp. 2d 222, 229-30 (W.D.N.Y. 2002) (same).  The Complaint does not

identify any person appointed by the Director Defendants who was allegedly unqualified to

serve.  Accordingly, there is no legally sufficient allegation that those defendants did not

faithfully discharge any fiduciary duty to appoint qualified persons.  The Complaint's conclusory

allegation that the Director Defendants breached their fiduciary duty by "failing to appoint

persons with the requisite knowledge, skill and expertise to properly administer the Plan and

manage its assets," Compl. ¶ 281, is devoid of any factual specificity—it does not identify any

particular appointees or identify what knowledge, skill, or expertise they purportedly lacked—

and thus fails to satisfy even the minimal notice requirements of Rule 8, Fed. R. Civ. P.  *See*

*Williams Cos.,* 271 F. Supp. 2d at 1339.

      The Complaint further alleges that the Board's appointment and removal powers gave

rise to a duty to monitor the appointed fiduciaries and that the Director Defendants breached that

duty.  Compl. ¶¶ 223-24.  But the Complaint glaringly omits the allegations necessary to state a

claim for breach of a duty to monitor.  Courts interpreting ERISA have held that the duty to

monitor "is not breached without the monitoring party having notice of possible misadventure by

[the] appointees."  *Pedraza v. Coca-Cola Co.*, 456 F. Supp. 2d 1262, 1278 (N.D. Ga. 2006)

(internal quotations omitted); *accord*, *Dynegy, Inc. ERISA Litig.,* 309 F. Supp. 2d 861, 904 (S.D.

Tex. 2004); *Newton v. Van Otterloo*, 756 F. Supp. 1121, 1132 (N.D. Ind. 1991).  Plaintiffs have

not alleged that the Director Defendants had notice of any conduct by an appointed fiduciary that

would have warranted his or her removal.  Nor is there any allegation that they failed to remove

any specific appointees for incompetence, breach of fiduciary duty, or other wrongdoing.  And

there is no allegation that the Directors had notice that any specific appointees were incompetent

or otherwise subject to replacement for cause.  *See Newton*, 756 F. Supp. at 1132 (observing that

directors have a duty to monitor but do not breach that duty absent "notice of possible misadventure by their appointees"). The omission of such allegations is by itself fatal to Plaintiffs' failure to monitor claim.

Moreover, as demonstrated in Part I of Defendants' Memorandum in Support of the First Motion To Dismiss, Plaintiffs have failed to state a valid claim that the decision to continue offering GE stock as an investment vehicle under the Plan was imprudent. Accordingly, there was no primary breach of fiduciary duty in this case for which the appointing Director Defendants could be held secondarily liable. *See Pedraza*, 456 F. Supp. 2d at 1276-77 (holding that appointing defendants cannot be held liable under ERISA unless plaintiffs also prove that the appointees' decision to continue offering company stock was imprudent).

Plaintiffs also allege that the Director Defendants' appointment power gave rise to a duty to provide appointed fiduciaries "with all the information that they have or reasonably should have in order to prudently manage the plan and plan assets." Compl. ¶ 280. A similar claim was rejected in *Dynegy*, 309 F. Supp. 2d 861.

In *Dynegy*, as in this case, the plaintiffs "d[id] not challenge either the corporate defendants' appointment of or failure to remove specific appointees," but instead sought to impose liability based on the alleged failure to disclose to the appointed administrators of the Plan "material information bearing on Dynegy stock held in the Plan including that the risks associated with Dynegy's business were materially understated by Dynegy." *Id.* at 901 (quotations omitted). The court dismissed the duty-to-inform allegations because the plaintiffs failed to allege either that the directors' powers "extended beyond the power to appoint and remove," *id.,* or "that they had received any notice of possible misadventure either by their

appointees or by the [Benefit Plan Committee] that a reasonable investigation would have revealed."  *Id.* at 903.

Here, the Complaint likewise fails to allege, and the Plan documents fail to show, that the Board's powers "extended beyond the power to appoint and remove" and included a responsibility to provide information to appointed fiduciaries.  Moreover, there is no allegation that the Director Defendants had any "notice of possible misadventure," *Dynegy*, 309 F. Supp. at 903, by their appointees on the Benefit Plan Investment Committee or the Pension Board.  Thus, just as the duty-to-inform allegations were held insufficient in *Dynegy*, the allegations against the Director Defendants similarly do not state a claim for breach of fiduciary duty based on the alleged failure to provide information to appointed fiduciaries.

*Reliant Energy ERISA Litigation*, 336 F. Supp. 2d 646 (S.D. Tex. 2004), is also instructive.  There, the plaintiffs alleged that the company and its directors had breached their fiduciary duties by negligently misrepresenting, and failing to disclose, the company's true financial status.  The court ruled, however, that the directors' ERISA duties were strictly limited under the plan's terms to "the power to appoint and remove the members of the [Benefits] Committee."  *Id.* at 655.  The court therefore dismissed the suit against the company and its directors, holding that a defendant's appointment and removal authority includes a duty to monitor, but not a duty to oversee investment decisions or to make disclosures regarding the company's financial condition.  *Id.* at 656, 664.

In sum, Plaintiffs fail to adequately allege that the Director Defendants breached their duties to appoint, remove, or monitor appointed fiduciaries—their only fiduciary duties under the Plan.  Therefore, the claims against these defendants must be dismissed.  *See Calpine Corp. ERISA Litig.*, No. C-03-1685, 2005 WL 1431506, at *4 (N.D. Cal. Mar. 31, 2005) (dismissing

complaint as to director defendants for failure to allege that they breached their duties in

appointing the Advisory Committee or exercising their limited duty to monitor).

**VI.   Count IV Must Be Dismissed as to the Moving Defendants Because the Complaint Fails To State a Valid Claim for Co-Fiduciary Liability.**

Count IV alleges that every single defendant named in the Complaint should be held

liable as a co-fiduciary on the grounds that he or she either enabled a breach of fiduciary duty,

failed to remedy a breach of fiduciary duty, or both.  Compl. ¶¶ 288–303.  For example, in

paragraph 297 Plaintiffs broadly allege that if any defendant did not know that investing in GE

stock was imprudent, then every other defendant is liable as a co-fiduciary for not informing that

defendant:

> To the extent that it is determined that any GE Defendant, Board
> Defendant, Committee Defendant, Pension Board Defendant or
> Plan Trustee Defendant lacked knowledge of the circumstances
> rendering the Plan's investment in Company Stock imprudent, then
> all other Defendants enabled the imprudent asset management
> decisions of that Defendant by failing to provide that Defendant
> with complete and accurate information regarding serious
> mismanagement, accounting irregularities, misstatement of
> liabilities, misstatements of earnings, GAAP violations and other
> misrepresentations concerning Company Stock.  In failing to
> inform their co-fiduciaries, who lacked knowledge, if any, these
> Defendants breached ERISA § 405(a)(2).

Count IV is legally insufficient as to the Moving Defendants and should be dismissed as to all of

them.

**A.   Plaintiffs Do Not Adequately Allege that the Officer Defendants or the Individual GEAM Defendants Were ERISA Fiduciaries at All.**

The Complaint also does not adequately allege that the Officer Defendants or the

individual GEAM Defendants were ERISA fiduciaries for any purpose.  *See* Parts II, III, *supra*.

Under section 405(a) of ERISA, in order to allege that a defendant is liable as a co-fiduciary, a

plaintiff must sufficiently allege that that defendant was a fiduciary with respect to the plan.  *See*

29 U.S.C. § 1105(a) ("a *fiduciary with respect to a plan* shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances" (emphasis added)).  With regard to the Officer Defendants and the individual GEAM Defendants, Plaintiffs have not met this requirement.  For this reason alone, Plaintiffs' claim of co-fiduciary liability fails as to those defendants.

### B.  Plaintiffs Do Not Adequately Allege Actual Knowledge of a Breach by Another Fiduciary.

Section 405(a)(3) imposes co-fiduciary liability on a fiduciary who knows about another fiduciary's breach and makes no reasonable efforts to remedy it.  Liability under this provision is limited to fiduciaries who have *actual knowledge* of a breach by another fiduciary, and such actual knowledge must be alleged in the complaint.  *See Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir. 1993) (dismissing co-fiduciary claim under ERISA because complaint did not plead "actual knowledge" of breaches).

Plaintiffs' allegations in ¶¶ 293[25] and 294[26] are entirely conclusory and wholly insufficient to allege co-fiduciary liability.  The Complaint contains no factual allegations supporting any of these conclusory allegations.  It does not state when the GEAM Defendants or the Fund Trustees purportedly learned of any under-reserving issues relating to GE's insurance businesses, or when and why they would have concluded that such issues made GE stock an imprudent investment, or if and when they became aware of any action or inaction taken by any

---

[25] "GEAM Defendants were aware that the GE Defendants, Board Defendants, Committee Defendants and Pension Board Defendants breached their fiduciary duties," and "Fund Trustee Defendants . . . were aware that the GE Defendants, Board Defendants, Committee Defendants and Pension Board Defendants breached their fiduciary duties."  Compl. ¶ 293.

[26] All Defendants except for the Fund Trustees and the GEAM Defendants were allegedly "still aware that the remaining Defendants in Count I did, in fact, breach their fiduciary duties."  Compl. ¶ 294.

other defendant.  Instead of making specific factual allegations, Plaintiffs simply list in detail the actions that these Defendants allegedly could have taken if they had learned of the purported breach of fiduciary duty by the other defendants.  *Id.* ¶ 293.  But such speculation about possible remedial steps cannot compensate for the lack of sufficient factual allegations as to the essential element of actual knowledge of a breach of fiduciary duty.[27]

### C.    Plaintiffs Do Not Adequately Allege that the Defendants Enabled Fiduciary Breaches by Other Defendants.

Insofar as Plaintiffs seek in paragraphs 296 to 301 of the Complaint to impose co-fiduciary liability under section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2), their allegations are again insufficient.  Section 405(a) provides in pertinent part that "*a fiduciary with respect to a plan* shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . (2) if, by his failure to comply with section 1104(a)(1) of this title [establishing a prudent man standard of care] *in the administration of his specific responsibilities which give rise to his status as a fiduciary*, he has enabled such other fiduciary to commit a breach." (Emphasis added).  Plaintiffs have not stated a valid claim under section 405(a)(2) against any of the Moving Defendants.

Plaintiffs' allegations fail to show that the Officer Defendants and the individual GEAM Defendants are ERISA fiduciaries at all.  *See* Parts II, III, *supra*.  Therefore, those defendants are

---

[27] Plaintiffs seek to bypass the actual knowledge standard by invoking a standard at odds with what ERISA provides.  *Compare* Compl. ¶ 290 ("he knew *or should have known* of a breach by such other fiduciary" (emphasis added)) *with* 29 U.S.C. 1105(a)(3) ("he has knowledge of a breach by such other fiduciary").  Plaintiffs' attempt to graft a "constructive notice" standard onto ERISA's co-fiduciary liability provision should be rejected.  *See Lee*, 991 F.2d at 1011. Even if constructive notice were valid, however, Plaintiffs' allegations in this regard are no less conclusory and are unsupported by allegations of actual facts that would, if proven, show constructive notice.

not alleged to be "fiduciar[ies] with respect to a plan" within the meaning of section 405(a)(2), and Plaintiffs' section 405(a)(2) claims against them fail.

As to the Director Defendants, Plaintiffs have failed to allege that the Director Defendants enabled a breach.  Specifically, the Complaint fails to allege that the conduct challenged in the Complaint is related to the limited "*specific responsibilities which give rise to [their] status as [fiduciaries]*." ERISA § 405(a)(2), 29 U.S.C. 1105(a)(2) (emphasis added). Thus, assuming that the Director Defendants were fiduciaries for the limited purpose of appointing and removing members of the Benefits Plan Investment Committee or the Pension Board, the Complaint does not contain any factual allegations indicating that the GE Director Defendants did anything in that capacity that enabled a breach of fiduciary duty by another.  For example, there is no allegation that any specific fiduciary whom they appointed was unqualified, or that they had notice of any misfeasance by any of the Committee or Pension Board Members. *See* Part V.C., *supra*.  Similarly, no facts are alleged to suggest that GEAM or the Fund Trustee Defendants did anything relating to the specific responsibilities giving rise to their status as fiduciaries that enabled a breach of fiduciary duty by another.

Plaintiffs' allegations of co-fiduciary liability are wholly conclusory and therefore insufficient as a matter of law to state a claim.  Allegations of co-fiduciary liability are insufficient to state a claim where they "simply parrot[] the statutory language of the co-fiduciary liability statute and conclusorily allege[] without any factual detail that all of the . . . defendants are liable under this statute for the other defendants' breaches of fiduciary duties." *Sprint Corp. ERISA Litig. (Sprint II)*, No. 03-2202, 2004 WL 2182186, at *6 (D. Kan. Sept. 24, 2004); *see also* Fed. R. Civ. P. 8.  Such "generic" allegations fail to put defendants on notice of the factual nature of the co-fiduciary claims against them. *See Sprint II*,  2004 WL 2182186, at *6.

Plaintiffs' section 405(a)(2) allegations are of this character and must therefore be dismissed.

*See Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324, 2004 WL 407007, at *8 (N.D. Ill. Mar. 3, 2004) (dismissing co-fiduciary claim where plaintiffs "impermissibly lumped all Defendants together without explaining how a particular Defendant enabled another fiduciary to commit a breach or took no reasonable efforts to remedy a knowledge of the breach").

## VII.   Count V Must Be Dismissed Because a Corporate Officer or Director's Receipt of Equity-Based Compensation Does Not Create a Prohibited Conflict of Interest.

Like the vast majority of publicly-traded American companies, GE compensates its officers and directors in part through awards of stock and stock options.  Plaintiffs' final claim, Count V, alleges that the Director Defendants and the Officer Defendants were ERISA fiduciaries; that their receipt of such equity-based compensation led to an impermissible conflict of interest in violation of section 404(a)(1)(A) of ERISA;[28] and that this conflict of interest caused the Director Defendants and the Officer Defendants to maintain GE stock as an investment option in the Plan after it allegedly became imprudent to do so.  Compl. ¶¶ 225-30; 304-11.

Count V must be dismissed because under established law a fiduciary's receipt of equity-based compensation from the corporation sponsoring the plan does not create an impermissible conflict of interest under ERISA.  In addition, the Officer Defendants are not ERISA fiduciaries for any purpose and accordingly are not subject to the ERISA provisions that form the basis of Count V.

---

[28] ERISA section 404(a)(1) states in pertinent part:  "Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and  beneficiaries and—(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan. . . ."  29 U.S.C. § 1104(a)(1).

ERISA departs from the strict common law approach to circumstances that might create divided loyalties for a trustee.  It has been said that under the common law, "[t]o deter the trustee from all temptation and to prevent any possible injury to the beneficiary, the rule against a trustee dividing his loyalties must be enforced with 'uncompromising rigidity.'"[29]  When Congress enacted ERISA, it chose not to adopt the strict common law rule but instead to guard against conflicts of interest by prohibiting three categories of transactions.  *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 143 n.10 (1985).  In general terms, sections 406 and 407 of ERISA prohibit (1) specified transactions between a plan and a party in interest (§ 406(a)), (2) certain transactions in which a plan fiduciary would face a conflict of interest (§ 406(b)), and (3) excessive investments in employer stock or real property that is leased to the employer (§ 406(c)).  *See* 29 U.S.C. §§ 1106, 1107.[30]  Plaintiffs do not allege that any of the Defendants engaged in or assisted in any of these prohibited transactions.

Consistent with the well-established view that employee stock ownership aligns employees' interests with the interests of the employer's shareholders, Congress specifically exempted "eligible individual account plans" such as the Plan at issue here from restrictions that would otherwise limit their ability to invest in employer stock.  *See* ERISA § 404(a)(2), 29 U.S.C. § 1104(a)(2) (providing that ERISA's diversification requirements are not violated by the "acquisition or holding of . . . qualifying employer securities," such as GE stock); ERISA § 407(b)(1), 29 U.S.C. § 1107(b)(1) (providing that ERISA's restrictions on a plan's acquisition or holding of employer securities "shall not apply to any acquisition or holding of qualifying

---

[29] *NLRB v. Amax Coal Co.*, 453 U.S. 322, 329-30 (1981) (*quoting Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928)).

[30] These prohibitions are subject to certain statutory and administrative exemptions.  *See* ERISA § 408, 29 U.S.C. § 1108.

employer securities . . . by an eligible individual account plan"); ERISA § 408(e), 29 U.S.C.

§ 1108(e) (providing that an eligible individual account plan may acquire qualifying employer

securities from (or sell such securities to) any party, including the employer, without violating

ERISA's prohibited transaction provisions).  Indeed, both ERISA and the Internal Revenue Code

*encourage* employers to offer employer stock funds.  *See* Defendants' Memorandum in Support

of First Motion To Dismiss, Background Part A, at n.2.

At the same time, Congress *authorized* officers and directors of corporations that sponsor

benefit plans to serve as fiduciaries of those plans—notwithstanding that their compensation

typically includes awards of company stock and stock options.  *See* ERISA § 408(c)(3), 29

U.S.C. § 1108(c)(3) (providing that ERISA § 406 shall not be construed so as to prohibit any

fiduciary from "serving as a fiduciary in addition to being an officer, employee, agent, or other

representative of a party in interest"); *see also* H.R. Conf. Rep. No. 93-1280 (1974), *reprinted in*

1974 U.S.C.C.A.N. 5038, 5092 (stating that ERISA "makes it clear that a party-in-interest may

serve as a fiduciary in addition to being an officer").

These provisions of ERISA clearly demonstrate that Congress did not intend to prohibit

or even to restrict ownership of employer stock by fiduciaries.  Accordingly, courts have

repeatedly held as a matter of law that the ownership of employer stock by a fiduciary of a plan

that holds employer stock does not give rise to an impermissible conflict of interest under

ERISA.  *See Pedraza v. Coca-Cola Co.*, 456 F. Supp. 2d 1262, 1282 (N.D. Ga. 2006); *Polaroid

ERISA Litig.* 362 F. Supp. 2d 461, 479 (S.D.N.Y. 2005) (dismissing conflict of interest counts

where complaint alleged that "a significant percentage of corporate Director and Executive

Officer compensation is in the form of stock grants or stock option grants") (quotations omitted);

*Dynegy*, 309 F. Supp. 2d at 898-99; *Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 987-88 (C.D. Cal.

2004) (dismissing conflict of interest claim that was based on receipt of "a significant portion" of defendants' compensation in the form of stock grants or stock options, and noting that "[u]nder this theory, corporate defendants would always have a conflict of interest"); *WorldCom Inc. ERISA Litig.,* 263 F. Supp. 2d 745, 768 (S.D.N.Y. 2003) (dismissing conflict of interest claim notwithstanding "Ebbers's holding of WorldCom stock and participation in its compensation program").

Plaintiffs' theory would defeat Congress's clear intent to encourage employer stock funds and to allow corporate officers and directors to serve as fiduciaries, and it would also effectively amend section 406 of ERISA, 29 U.S.C. § 1106, by adding, to the three categories of transactions that Congress chose to prohibit, a fourth category of prohibited transactions, namely, the receipt by officer and director fiduciaries of equity-based compensation in the form of company stock or stock options.  Putting aside that equity-based compensation has long been (and remains today) a virtually universal practice of publicly-traded companies, the absence in ERISA of any prohibition against fiduciaries receiving such compensation is reason enough to decline Plaintiffs' invitation to impose it via judicial intervention.  The Supreme Court has stressed that ERISA is "a 'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system."  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993) (*quoting Nachman Corp. v. Pension Benefit Guar. Corp.,* 446 U.S. 359, 361 (1980)).  Describing ERISA as "an enormously complex and detailed statute that resolved innumerable disputes between powerful competing interests—not all in favor of potential plaintiffs," *Mertens*, 508 U.S. at 262, the Court has foreclosed any judicial expansion of the scope of ERISA liability that upsets the balance struck by Congress.  *See id.* at 263.

Similarly, the Second Circuit has emphasized that "the limited text of ERISA's civil remedies is inconsistent with judicial discovery of new liabilities." *Gerosa v. Savasta & Co.,* 329 F.3d 317, 323 n.6 (2d Cir. 2003).  It is for Congress and not the courts to create new liabilities:

> [W]e are no longer free to fill in unwritten gaps in ERISA's civil remedies. . . .  [T]he Supreme Court has instructed that it is not for us to decide the best ERISA remedial scheme.

*Id.* at 322-23 (citation omitted).  Thus, the proper forum for any argument in favor of prohibiting the receipt by officer and director fiduciaries of equity-based compensation is Congress, not the courts.

In sum, the claim that the receipt of stock or stock options subjected the Director Defendants and the Officer Defendants to an impermissible conflict of interest is based on an invalid legal theory.  Therefore, Count V fails to state a claim upon which relief can be granted.  Moreover, because the Officer Defendants are not fiduciaries for any purpose, they are not subject to the constraints imposed by ERISA, and Count V also must be dismissed as against them for this independent reason.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' claims against the GEAM Defendants, the Fund Trustee Defendants, the Officer Defendants, and the Director Defendants should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

DREYER BOYAJIAN LLP

/s/

_____

WILLIAM J. DREYER (Bar Roll #101539)
WDreyer@dreyerboyajian.com
April M. Wilson (Bar Roll #105797)
75 Columbia Street
Albany, NY 12210
(518) 463-7784

John J. Buckley, Jr.
Dane H. Butswinkas
Jonathan M. Landy
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

Jeffrey G. Huvelle
John M. Vine
Thomas L. Cubbage III
Christian J. Pistilli
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 662-6000

Dated: January 16, 2007          *Attorneys for Moving Defendants*