**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| IN RE GENERAL ELECTRIC COMPANY<br>ERISA LITIGATION | No. 06-CV-315<br>(GLS/DRH)<br>(Lead Case) |

_____

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, the proposed class action captioned *In Re General Electric Company ERISA Litigation,* No. 06-CV-315, is pending before this Court; and

WHEREAS, the Named Plaintiffs have applied to the Court, pursuant to Fed. R. Civ. P. 23, for an Order preliminarily approving the Settlement of the above-named action in accordance with the terms and provisions of the Class Action Settlement Agreement (the "Settlement Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of the action and for dismissal of the action with prejudice as to the Defendants;

WHEREAS, the Court has read and considered that Settlement Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the proposed Settlement Class and Defendants.

3. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure have been met as to the Settlement Class, in that:

> (a) The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.
>
> (b) Based on allegations in the Complaint, the Court preliminarily finds that there is at least one question of fact and/or law common to the Settlement Class.
>
> (c) Based on allegations in the Complaint, the Court preliminarily finds that Defendants engaged in uniform conduct affecting members of the proposed Settlement Class, and the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Settlement Class.
>
> (d) The Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs are represented by qualified counsel who are experienced in preparing and prosecuting large, complex class actions of this type.
>
> (e) The prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; and (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede those persons' ability to protect their interests.

4. Based on the finding set out in Paragraph 3 above, the Court PRELIMINARILY CERTIFIES the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) (the "Settlement Class"):

> All Participants in the GE Savings and Security Program (the "Plan") during the period from March 23, 2001 to February 5, 2009 (the "Class Period") on whose behalf the Plan held Company Stock during the Class Period, but excluding Defendants (and members of their immediate families, any officer, director, or partner of any Defendant, any entity in which a Defendant has a controlling interest, and the heirs, successors, or assigns of any of the foregoing).

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

5. As indicated above, the Court finds that the Named Plaintiffs are adequate class representatives of the Settlement Class and, therefore, hereby appoints Named Plaintiffs as the representatives of the Settlement Class.

6. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law and, in particular, their knowledge of ERISA as it applies to claims of the type asserted in this action; and (iv) the resources Class Counsel has committed to representing the class. Based on these factors, the Court finds that Class Counsel has and will continue fairly and adequately to represent the interests of the Settlement Class. Accordingly, the Court finds that Class Counsel shall serve as class lead counsel with respect to the Settlement Class in this Action.

7. The Court having preliminarily determined that this Action may proceed as a non-optout class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class members shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

8. The Court preliminarily approves the Settlement Agreement, including the releases contained in Section 4 thereof, and preliminarily finds the Settlement to be fair, reasonable, and adequate to the Settlement Class.

9. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Class Notice") attached as Exhibit B to the Settlement Agreement.

10. The Court finds that the mailing of the Class Notice in the manner set forth in paragraph 11 below constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class members who can be identified through reasonable effort, and constitutes valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

11. The Court approves the selection of The Garden City Group, Inc. as the Administrator. On or before February 27, 2009, the Administrator shall (1) send the Class Notice, by first class mail, postage prepaid, to all Settlement Class members who can be identified with reasonable effort at each such Settlement Class member's last known address, and (2) place the Class Notice on a web page accessible by all Settlement Class members.

12. At or prior to the Fairness Hearing (as defined below), the Administrator shall file with the Court and serve on Class Counsel proof by declaration or affidavit of the mailing described in paragraph 11 above.

13. Settlement Class members who wish to comment or object to the Settlement Agreement must do so in accordance with the instructions contained in the Class Notice.

14. A hearing (the "Fairness Hearing") shall be held on May 20, 2009 at 9:00 a.m., before the Honorable Gary L. Sharpe, United States District Court Judge, at the United States District Court for the Northern District of New York, James T. Foley U.S. Courthouse, in

Albany, New York, for the purpose of determining (i) whether the proposed Settlement as set forth in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; (ii) whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court; (iii) whether an Order of Final Judgment and Dismissal, substantially in the form of Exhibit C to the Settlement Agreement, should be entered; (iv) whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved; (v) whether the Named Plaintiffs should receive Service Awards in light of their assistance in prosecuting this Action; and (vi) such other matters as the Settlement Agreement contemplates and as the Court may deem just and proper.

15. Any application by Class Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, and any application for Service Awards for the Named Plaintiffs, and all papers in support thereof, shall be filed with the Court at least ten (10) business days prior to the Fairness Hearing.

16. All other papers in support of the Settlement shall be filed at least ten (10) business days prior to the Fairness Hearing.

17. Any Settlement Class member may appear and show cause (if he or she has any) why the Court should or should not (i) approve the proposed Settlement as set forth in the Settlement Agreement as fair, reasonable and adequate; (ii) approve Class Counsel's request for attorneys' fees and reimbursement of expenses; (iii) approve the request for Service Awards for the Named Plaintiffs; and (iv) enter the Order of Final Judgment and Dismissal, substantially in the form of Exhibit C to the Settlement Agreement; **provided**, **however**, that no person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless, on or before April 29, 2009,  that person has served by hand, express mail delivery service, or by first-class

mail notice of his or her intention to appear, setting forth briefly each objection and the basis therefore, together with copies of any papers and briefs in support of said objections and proof of membership in the Settlement Class, upon the Clerk of the Court, United States District Court, Northern District of New York, James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY 12207-2924, and upon the following counsel:

| | | |
|---|---|---|
| Lori G. Feldman<br>MILBERG LLP<br>One Pennsylvania Plaza<br>New York, NY  10119-0165 | and | Jeffrey G. Huvelle<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2401 |

Unless otherwise ordered by the Court, any Settlement Class member who does not make his or her objection in the manner provide for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

18. The Court may adjourn the Fairness Hearing from time to time and without further notice to the Settlement Class.  The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class.  The Court further reserves the right to enter a Final Order, dismissing the action with prejudice as to the Defendants and against the Named Plaintiffs and the Settlement Class at or after the Fairness Hearing and without further notice to the Settlement Class.

19. All reasonable costs and expenses incurred in identifying and providing notice to Settlement Class members and in administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.

20. The Court retains jurisdiction over all proceedings arising out of or related to the Settlement Agreement.

21. If for any reason the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action will for all purposes revert to its status as of the day immediately before the execution of the Term Sheet agreed to by counsel at the conclusion of the mediation with Judge Weinstein.

24. Pending final determination as to whether the Settlement, as set forth in the Settlement Agreement, should be approved, and pending any determination as to whether the Final Order, if entered, shall become Final, no Settlement Class member shall commence, prosecute, pursue, or litigate any Released Claims, whether directly, representatively, or in any other capacity, and regardless of whether or not any such Settlement Class member has appeared in the Action.

IT IS SO ORDERED this 5th day of February, 2009.

_____
Gary L. Sharpe
U.S. District Judge