**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UMBERTO CAVALIERI, et. al.**

**v.** **No. 06cv315 (GLS/DRH)**

**GENERAL ELECTRIC COMPANY, et. al.**

---

**APPEARANCES:** **OF COUNSEL:**

**FOR PLAINTIFFS:**

Coughlin, Stoia Law Firm
655 West Broadway, Suite 1900
San Diego, CA 92101

ELLEN A. G. STEWART, ESQ.

O'Connell, Aronowitz Law Firm
54 State Street, 9th Floor
Albany, NY 12207-2501

JEFFREY J. SHERRIN, ESQ.
JAMES A. SHANNON, ESQ.

Milberg LLP
One Pennsylvania Plaza
Suite 4915
New York, NY 10119-0165

LORI G. FELDMAN, ESQ.
ARVIND KHURANA, ESQ.

Lerach, Coughlin Law Firm
58 South Service Road, Suite 200
Melville, NY 11703

EVAN J. KAUFMAN, ESQ.
SAMUEL H. RUDMAN, ESQ.

Rigrodsky, Long Law Firm
919 N. Market Street, Suite 980
Wilmington, DE 19801

MARK S. REICH, ESQ.

The West Firm, PLLC
677 Broadway, 8th Floor
Albany, NY 12207

YVONNE E. MARCIANO, ESQ.

**FOR DEFENDANTS:**

Covington, Burling Law Firm
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

CHRISTIAN J. PISTILLI, ESQ.
JEFFREY G. HUVELLE, ESQ.
THOMAS L. CUBBAGE, III, ESQ.

Williams, Connolly Law Firm
725 12th Street, NW
Washington, DC 20005-5901

JOHN J. BUCKLEY, JR., ESQ.
JONATHAN M. LANDY, ESQ.
DANE H. BUTSWINKAS, ESQ.

Dreyer, Boyajian Law Firm
75 Columbia Street
Albany, NY 12210

WILLIAM J. DREYER, ESQ.
APRIL M. WILSON, ESQ.

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

## I. INTRODUCTION

Before the court is plaintiffs' motion for final approval of a class action settlement and plan of allocation of settlement proceeds, an award of attorneys' fees and expenses, and an award of service awards to the named plaintiffs (Dkt. No. 150.) For the reasons stated below, the court approves the plaintiffs' motion.

## II. BACKGROUND

In this consolidated action, plaintiffs essentially allege that defendants violated their fiduciary duties, under ERISA Sections 405, 409, 502(a)(2) and (3), 29 U.S.C. §§ 1105, 1109 and 1132(a)(2) and (3), by

selecting and maintaining GE stock as an investment alternative for participant and company matching contributions when it was not economically prudent. Plaintiffs allege that defendants had a duty to inform plaintiffs about the risks of the investments but defendants failed to fulfill that duty. Plaintiffs claim they suffered damages as a result of defendants' breach. Defendants responded with motions to dismiss and for summary judgment but, before the resolutions of those motions, and after mediation, the parties reached a settlement. On February 5, 2009, the court entered an order granting the pre-approval of the proposed settlement agreement. Subsequently, the court held a fairness hearing pursuant to Fed.R.Civ.P. 23(e)(2) and heard from the parties' counsel. The plaintiffs now seek final approval of the settlement.

## III. DISCUSSION

### *Certification*

With respect to class certification requirements, numerosity, commonality, typicality, and adequacy of representation must be satisfied. *Cent. States Se. and Sw. Areas Health and Welfare Fund,* 504 F.3d 229, 244 (2d Cir. 2007). Here, the court determines the thousands of members of the class have common questions of law or fact regarding the alleged

breaches of fiduciary duty by the defendants and that their claim arises from the same course of events. *Id.* In addition, the court determines there is no antagonism between the plaintiffs' interest and the interests of the class, and the class has been adequately represented by experienced counsel. *Id.* The court determines the class action "is superior to other methods for the fair and efficient adjudication of the controversy." *Id.* at 245 (quotations and citations omitted). Thus, the requirements of Fed.R.Civ.P. 23(a) have been satisfied. In addition, the court agrees with defendants that the class may be certified as a non-opt-out class under Rule 23(b)(1). *See In re AOL Time Warner ERISA Litigation,* 2006 WL 2789862, at *3-4 (S.D.N.Y. 2006). Thus, the court determines the requirements for class certification have been met.

***Settlement's Fairness***

As to the fairness of the settlement, "[a] court determines a settlement's fairness by looking at both the settlement's terms and the negotiating process leading to settlement." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after

meaningful discovery." *Id.* (internal quotations and citations omitted). The settlement of complex class action litigation is favored by the courts. *Id.*

Here, the settlement was reached after extensive arm's-length negotiation, which was overseen and assisted by an experienced mediator, the Honorable Daniel B. Weinstein, a retired California state court judge, and all parties were represented by experienced counsel. The parties exchanged materials detailing their strengths and, after several months of continuous negotiation, the parties executed the settlement agreement. Thereafter, satisfying the provisions of the pertinent ERISA Prohibited Transaction Exemption (68 Fed.Reg. 75632), an independent fiduciary reviewed the settlement and ultimately concluded the settlement was reasonable. Accordingly, the court determines the proposed settlement meets the procedural fairness requirement.

Nonetheless, when considering whether to approve a class action settlement, a district court must carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion. *D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001). The Second Circuit has identified the following nine factors for the courts to consider in determining whether to approve a class action settlement: (1)

the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Wal-Mart Stores,* 396 F.3d at 117.

Here, the court determines that this case involves complex legal issues under ERISA and that bringing this case to trial would be costly and time-consuming. *In re AOL Time Warner ERISA,* 2006 WL 2789862, at *5-9. The court also determines that the low number of objections submitted by the class plays in favor of the settlement. *Id.* The court also notes that the parties have engaged in sufficient investigation of the facts which is reflected by their thorough briefing of their claims. *Id.* In addition, the court has evaluated the risks to the class's recovery by further litigation of this ERISA case. *Id.* The court also notes that although neither party contends

that defendants are incapable of withstanding greater judgment, that does not "indicate that the settlement is unreasonable or inadequate." *Id.* Finally, the court also notes that the $10.15 million cash award for former participants of the relevant plan plus the value of structural changes GE will make under the settlement, totaling $40.15 million in benefits, is within the range of reasonableness when compared with the risks of litigation. *Id.* The independent fiduciary's conclusions support this determination. *Id.* Accordingly, the court determines that the settlement is procedurally and substantially fair.

***Notice***

With respect to notice to class members, the standard for adequacy of notice "is measured by reasonableness." *Wal-Mart Stores,* 396 F.3d at 113-14. (citations omitted). "[T]he settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them . . ." *Id.* (quotations and citations omitted). Here, the record indicates, among other things, that notices were mailed to over 318,000 potential class members, as well as placed on a

website.[1] Accordingly, the court determines that notice was adequate.

***Plan of Allocation***

The court "must [also] ensure that the distribution of funds is fair and reasonable." *In re Global Crossing Sec. & ERISA Litig.,* 225 F.R.D. 436, 462 (S.D.N.Y. 2004) (citation omitted). "When formulated by competent and experienced class counsel, an allocation plan need have only a reasonable, rational basis." *Id.* (citations and quotations omitted). Here, under the allocation plan, formulated by experienced counsel in ERISA law, the total value of the settlement is $40.15 million ($10.15 million in cash plus $30 million in structural changes). Approximately 25% of class members are former plan participants and 75% are current plan participants. Current plan participants will receive approximately 75% of the total settlement value and former plan participants will receive 25% of the total settlement value.

The court has considered the 45 objections (which represents approximately .015 % of the potential class members) and determines they lack merit to preclude the settlement. Among the 45 objections received,

[1]To date, 45 objections by class members have been received. However, none of these objections raise any viable grounds to reject approval of the settlement.

some indicate GE should not settle the matter. However, GE and other defendants have freely entered into the settlement. Other objections suggest that awards paid to former plan participants should be made in a different yet inefficient manner. *See In re Global,* 225 F.R.D. at 463. Overall, these objections lack specific legal grounds to overturn the settlement. Accordingly, the court determines that counsel acted reasonably regarding the allocation plan.

***Attorneys' Fees***

The settlement awards attorneys' fees in the amount of $10 million. These fees will not come out of the plaintiffs' recovery. Rather, GE, after extensive negotiation with counsel, has agreed to pay the fees in addition to the class recovery. Here, the work by counsel in this ERISA litigation has been extensive and the proposed award has been reviewed by an independent fiduciary. The settlement provides $10.15 million in cash for former plan participants plus structural changes of approximately $30 million for a total of $40.15 million.

A district court has broad discretion to determine what constitutes a reasonable award for attorneys' fees. *Golberger v. Integrated Res., Inc.,* 209 F.3d 43, 47-48 (2d Cir. 2000). In establishing attorneys' fees in *class*

*actions,* the courts use either the lodestar method or award fees based upon a percentage of the common fund. *Id. at* 47. With the percentage method, the court sets as the fee some percentage of the common benefit fund. *Id.* at 50. Alternatively, a court may calculate the "presumptively reasonable fee" (formerly the "lodestar method"), where the court multiplies what it determines to be a reasonable hourly rate by the number of hours reasonably expended on the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay. . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.*

Under either approach, however, the court should look at several traditional factors in class action cases like: (1) the time and labor expended by counsel, (2) the magnitude and complexities of the litigation, (3) the risk of the litigation, (4) the quality of representation, (5) the requested fee in relation to the settlement, and (6) public policy considerations. *Goldberger,* 209 F.3d at 47, 50; *see also Arbor Hill,* 522 F.3d at 186 n.3; *Wal-Mart Stores,* 396 F.3d at 121-22.

Here, the court determines counsel has expended substantial time and labor in pursuing this action on behalf of the class. The court also makes note of the risk of a contingent fee in this type of litigation. Furthermore, the court recognizes the complexity concerning alleged violations of ERISA in class action cases. The court also acknowledges the quality of class counsel. In evaluating the requested fee in relation to the settlement, the court, as previously mentioned, notes that the settlement is for $10.15 million in cash for former participants of the relevant plan plus the value of structural changes GE will make under the settlement of approximately $30 million,[2] totaling $40.15 million in benefits obtained. The court is also mindful that the settlement of complex class action litigation is favored by the courts. Finally, the court takes into consideration three factors which make the amount of attorney fees sought reasonable. First, defendants have very sophisticated counsel who negotiated this settlement with plaintiffs at arm's-length. Second, an independent fiduciary reviewed the settlement and ultimately concluded the settlement was reasonable. Third, the attorneys' fees will not come out of

[2]Specifically, the settlement provides for the implementation of additional tools and resources to help plan participants save. These changes include an Investment Education Program, Fiduciary Training, Additional Investment Options, and Roth Contributions.

the plaintiffs' recovery. "If [] money paid to the attorneys is entirely independent of money awarded to the class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members." *McBean v. City of New York,* 233 F.R.D. 377, 392 (S.D.N.Y. 2006). Having reviewed the factors mentioned above, and particularly these last three factors mentioned, the court determines the attorneys' fees of $10 million are reasonable. Accordingly, the court overrules the objections that state the negotiated fees are unfair.

***Service Awards***

Finally, class counsel requests that the court approves the payment of service awards to each of the three named plaintiffs. Here, the settlement will pay the named plaintiffs $5,000 each and any amount not paid to these plaintiffs will be returned to GE. The court determines this amount is within the range of awards found acceptable for class representatives. *In re Polaroid,* 2007 WL 2116398, at *3 (S.D.N.Y. 2007). Accordingly, the court approves the awards for the named plaintiffs.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion (Dkt. No. 150) is **GRANTED** in its

entirety; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Dated: August 5, 2009
Albany, New York

Gary L. Sharpe
United States District Court Judge